JANE C. CHASE, *Libellant, versus* JOHN S. CHASE.

On a divorce *a vinculo*, for impotence, alimony cannot be decreed under the statutes of this State.

ON EXCEPTIONS.

LIBEL for DIVORCE for impotence and insanity.

KENT, J. — It appears by the exceptions, that, at the hearing of this libel for a divorce, at *Nisi Prius*, the Judge found that the charge of impotence was proved, but that the other charge was not proved. A divorce for the cause of impotence was granted to the wife. The Judge allowed alimony to the wife, as her legal right. To this allowance the libellee excepts on the ground that by law the Judge had no power to grant and order it. This raises a question, properly before us.

That question is whether on a divorce for "impotence," alimony can be allowed, under our statute.

By § 6, c. 60 of R. S. of 1857, it is, in the first sentence, provided that in case of a divorce for impotence the wife's real estate *shall* be restored to her, and the court in its discretion, may enter judgment for her for all or a portion of her personal estate, *received by the husband by the marriage*, or its value in money. The statute then, in the same section and next sentence, declares that, "when a divorce is decreed to the wife for the fault of the husband *for any other cause*, she shall have dower in his real estate, to be recovered and assigned to her, as if he was dead; and the same right to a restoration of her real and personal estate, as in case of divorce for impotence. The Court may also decree to her reasonable alimony out of his estate, having regard to his ability."

It is contended on the part of the libellant that this latter sentence applies to all cases, not excepting impotence. It is conceded that the next preceding sentence debars a wife divorced for impotence from dower. It would be difficult

to assign any good reason in the nature of things why such a wife should have alimony and not dower. The word " also," in the last sentence, indicates a reference to the provisos in the sentence above it, and an addition to the dower therein granted.

A reference to the earlier statutes on this subject shows conclusively, that, from the first, a distinction has been made between impotence and other causes, so far as dower and alimony are concerned. In the statute of 1821, c. 71, when the only causes for a divorce, *a vinculo*, were prohibited affinity or consanguinity, bigamy, impotence and adultery, it was provided, that when decreed for consanguinity or impotence the wife should have all her lands *restored* and a restoration of all or a part of her personal estate, which has come to her husband, or the value thereof. It is there provided, when the divorce shall be for the cause of adultery, in addition to her dower and her real estate, the Court shall have power to assign to her all or part of her personal estate, which the husband has received by the marriage. But if all this personal estate or money should be insufficient, *with her dower*, for the support of " the woman so divorced," the Court may allow her reasonable alimony, so long as she shall remain unmarried.

The same provisions, in c. 89 of R. S. of 1841, also clearly show (§§ 15,16,17,) that the Legislature intended to grant alimony only where the divorce was decreed for some other cause than impotence. The reference to dower, in § 17, shows that alimony was not to be given, except when a divorce is granted for other causes. The present statute c. 6, § 60, merely condenses these various sections into one, without changing their effect or meaning.

If we look at the reasons for this, at first apparently severe, if not unreasonable distinction, we find them in the nature and operation of a divorce, granted for impotence. This is in the nature of a decree annulling a marriage, resembling in its effects those cases where the marriage is declared void without any legal process, § 1, c. 60.

Impotence, to be a ground for divorce, must have existed at the time of the marriage. A judgment for this cause, declares the marriage void from the beginning, which it could not do, if the matter occurred subsequently to the nuptials. Bishop on Marriage and Divorce, § 332 (4th ed.) [235,] § 339. It is not therefore so much a dissolution of the bands, once uniting the parties, as a declaration that there never were any binding chains. It was voidable and not void, it is true, but when declared void, the sentence relates back to the beginning. Bishop, § 96.

The law then says:—as this is not a case of wrong or crime or cruelty after the marriage, and not strictly a fault, but rather a misfortune, the parties shall be restored as near as may be to their condition at the time of the nuptials. The wife shall have her lands and her personal property, which the husband has received by the marriage, or a reasonable part of it. But she shall not have dower in his estate, as a wife divorced for his fault after marriage may, nor alimony or other provision. She may take what she brought, but no more. She has not in fact, the rights of a wife, who has been forced to seek a dissolution of the tie, by the wrongs of a husband. But as the law finds her in the condition which impotence places her, it separates the parties, and restores the "*status ante bellum.*"

It is to be observed that the law gives this right of restoration to the wife, even when the divorce is decreed for *her own impotence.* The language is general, "when a divorce is decreed for impotence;" not as in the following sentence: when decreed "for the fault of the husband." This is but carrying out the idea of a voidable marriage, and that impotence was not a crime or wrong in itself, which gave either party special rights on account of the conduct of the other.

Alimony is strictly an allowance to a wife for her maintenance, whilst living apart from her husband.

It was therefore originally and particularly applied to cases of *divorce a mensa et thoro.* In such case, the relation of husband and wife continues legally; the effect of the

decree being to allow them to live separately, but not to dissolve the other relations between them. *Deane v. Richmond*, 5 Pick., 468. Alimony or maintenance was granted the wife, for her separate use during the absence from the bed and board of her continuing husband. But of course she could not have dower, although the .Court by special provision of succeeding statutes might restore to her her own estates. In time, similar provisions as to alimony, in cases of divorce for adultery, and finally for all other causes except impotence, were incorporated into the law. But these grants were rather in the nature of allowances out of the estate than of alimony for the support of the wife, for she was wife no longer after the decree. But throughout all the legislation, special care was taken to exclude cases of impotency from any allowance coming out of the husband's own estate.

Perhaps the fact that impotence is a matter which ordinarily would be discovered immediately after marriage, and the party aggrieved would be able at once to annul the marriage, may have had some influence on the legislation on this subject. But however this may be, we are satisfied that alimony could not be legally decreed in this case.

*The decree of divorce to stand, without alimony.*

APPLETON, C. J., CUTTING, DICKERSON, BARROWS and DANFORTH, JJ., concurred: