Case 103—ACTION FOR DAMAGES—November 26.

# Louisville & Nashville R. R. Co. v. Keller.

APPEAL FROM BULLITT CIRCUIT COURT.

1. CARRIERS OF PASSENGERS—DUTY TO FURNISH SHELTER AT TERMINUS OF JOURNEY.—It is the duty of a carrier of passengers to furnish a suitable depot at the terminus of the journey for the protection of passengers from inclement weather; and such a passenger is entitled to maintain an action for damages when the way to the depot is obstructed by a standing freight train by which she is prevented from reaching the depot and is thus exposed to the rain and hail.

2. PUNITIVE DAMAGES.—In such an action evidence that the plaintiff was laughed at and tantalized by the defendant's employes authorized an instruction for punitive damages.

Louisville & Nashville R. R. Co. v. Keller.

3. EXCESSIVE DAMAGES.—In such an action where punitive damages were recoverable a verdict for $260 can not be declared so excessive as to indicate passion or prejudice on the jury's part.

FAIRLEIGH & STRAUS FOR APPELLANT.

1. The proof in this case shows clearly that the damage, if any, which resulted to appellee was caused by an act of God and not by that of appellant. Section 784 of the Kentucky Statutes did not require the appellant to keep a waiting room for the protection of passengers after they had reached the end of their journey.
2. The court erred in refusing to give a peremptory instruction, to find for the defendant.
3. It was also error to give an instruction authorizing a finding of punitive damages.

EDWARD W. HINES ALSO FOR APPELLANT.

1. Plaintiff's injury was not the proximate result of an act or omission of defendant but was due to an act of God or to her own negligence in failing to seek shelter which she might have found and therefore a peremptory instruction should have been given.
2. It was error to instruct the jury to find for defendant only in the event there was a "usually traveled" road which plaintiff might have used.
3. It was error to give an instruction as to punitive damages. McHenry Coal Co. v. Sneddon, 17 Ky. Law Rep., 1261.

CHARLES CARROLL FOR APPELLEE.

1. It was the duty of the appellant to furnish a safe means of ingress to its waiting room at the depot at Shepherdsville for passengers arriving on the Springfield train and for any injury sustained by failure to do this the appellant was liable to the passenger in damages.
2. It was the duty of appellant to provide a safe and unobstructed egress for its passengers from its right of way; and for injury resulting to passenger by failing to do this appellant was responsible.
3. It was the duty of appellant to protect its passengers particularly females, from insult or ridicule at the hands of its employes and the failure to do this rendered appellant liable.

[49]

Louisville & Nashville R. R. Co. v. Keller.

Citations: Ky. Stats., sec. 772; L. & N. R. R. Co. v. Com., 17 Ky. Law Rep., 116-7; Wood's Railway Law, vol. 2, sec. 310, p. 1164; and sec. 310, p. 1169; L. & N. R. R. Co. v. Ballard, 85 Ky., 307.

FAIRLEIGH & STRAUS, FOR APPELLANT, IN A PETITION FOR A RE-HEARING.

1. Although under the opinion delivered it was the duty of the railroad company to provide a depot building at Shepherdsville, nevertheless under the facts in this case no possible negligence is shown.

2. This court can not rest its judgment awarding punitive damages upon the alleged gibe by a fireman or engineer after the passenger had alighted from the coach and had passed from the control of the conductor and brakeman, who alone were delegated with the care of the passenger.

3. If any negligence can be imputed to the railroad company at all it was not the proximate cause of the damage complained of. McCleary v. Sioux City & Pacific R. R. Co., 3 Neb., 44; R. R. Co. v. Reeves, 10 Wallace, 176; Denny v. N. Y. Central R. R. Co., 13 Gray, 481; Russell C. Daniels, et al. v. David Ballantine, et al., 23 Ohio St., 532; Hoodley v. Northern Transportation Co., 115 Mass., 304; Dubuque, Wood, &c., Asso. v. Dubuque, 30 Iowa, 176; Morrison v. Davis, 20 Penn. St., 171.

JUDGE WHITE DELIVERED THE OPINION OF THE COURT.

The facts of this case appear to be that appellee, in company with some other ladies and a little boy, bought tickets for passage over appellant's road, at Louisville, to go to Shepherdsville. They were carried the distance, and when the passenger train reached the station at Shepherdsville it was raining and hailing very hard. Appellee was assisted from the passenger train by the brakeman to the ground, and there left. She had no umbrella. It was raining and hailing. Just before this passenger train came to the depot a freight train of thirty-one cars came also to the depot, and this freight train was on the track between the depot and

the passenger train from which appellee alighted.
To seek shelter from the storm, appellee must
either crowd under the freight train and get into the de-
pot, or go around the freight train and go back to the de-
pot on the other side of the freight train. To go around
the freight train, appellee must travel between the tracks,
with a train on either track; and to go the shorter dis-
tance would be to go in front of the engine, something
near 100 yards,—the other way, about 200 yards,—and
then the same distance back to the depot. On the side of
the passenger train opposite the freight train there was
no house, and, on account of a wire fence, appellee could
not have gotten out that way. Appellee did neither of
these things, but stood there in the storm, without protec-
tion from the rain and hail, till the freight train was
moved out of the way, this time variously estimated at
from two to ten minutes. The proof shows that while ap-
pellee was thus subjected to the rain and storm she was
laughed at and tantalized by some of the employes on the
train. When appellee reached the depot, she was wet,
and her clothes soiled. There she found her friend wait-
ing, and she went her way. This action was brought for
the damage for being compelled to remain in the storm,
because no shelter was provided, or rather because of the
negligent obstruction by the freight train of the way to
the depot. Appellant, by its answer, denied all negli-
gence; denied its duty to keep an unobstructed passage to
the waiting room from its trains; denied that, at the time
appellee was subjected to the wetting from the storm,
it owed her any duty, or that she was then a passenger;
pleaded that the injury was caused by the act of God, and
not by any negligence or carelessness on its part. A trial
resulted in a verdict for appellee in the sum of $260. Af-

ter motion and grounds for new trial had been overruled, this appeal is prosecuted.

The reasons assigned for a new trial are: Refusal to peremptorily instruct the jury to find for appellant; in giving instructions to the jury; in refusing instructions asked for by appellant; that the verdict is contrary to law and not supported by the evidence, and is excessive.

Counsel for appellant contends that, when appellee was assisted from the passenger train at the depot for which she purchased her ticket, the appellant ceased to owe her any duty; that she ceased to be a passenger, and the appellant was not negligent in permitting the freight train to stand on the track nearest the depot; and that, as there was a way open between the tracks to go to the town of Shepherdsville, appellee, if she desired shelter, should have gone that way, and in any event she must have been exposed to the storm and rain in going to Sheperdsville, even if the freight train had not been where it was. Counsel, on this premise, argues conclusively that the case must be reversed, for several reasons. We can not assent to such a proposition. We are of opinion that appellee did not cease to be a passenger when she alighted from the train; but, on the contrary, was a passenger, and entitled to protection from the weather, in the depot of appellant, for a reasonable length of time to prepare to resume her journey. Being entitled as a passenger to the use of depot for shelter, she was likewise entitled to an open and unobstructed way thereto, and especially is this true under such circumstances as were here presented.

The instructions given present the law more favorably to appellant than it was entitled to, as they, in effect, tell the jury that appellee must have sought shelter in Shep-

erdsville, when she had a right to shelter at the depot, where she alighted. The instructions refused were properly so, for two reasons: First, they were erroneous and did not state the law; second, they were, in effect, given and as given are more favorable to appellant than it was entitled to. We are also of the opinion that the instruction permitting punitive damages was properly given, as the facts proven in this case show that appellant was guilty of gross negligence in obstructing the way to the depot. Appellee had a right to alight from the train at the place provided for shelter for passengers, either to or from Shepherdsville; and, with this way obstructed as it was shown to be, the practical effect was to put appellee off the train two hundred yards from the depot in a storm. This it could not do. The verdict is not excessive, and is not flagrantly against the evidence.

Appellant also complains of the action of the trial court in giving to the jury an instruction authorizing punitive damages. This was not error. The conduct of the servants and employes on the train, if true, authorized an instruction on punitive damages. Finding no error prejudicial to appellant, the judgment is affirmed, with damages.