# Louisville, Henderson & St. Louis Railroad Co. v. Commonwealth.

(Decided September 26, 1911.)

## Appeal from Breckinridge Circuit Court.

1. Railroad Waiting Room.—A room in a hotel across the railroad from the ticket office and waiting room cannot be considered as a waiting room of the railroad, although the owner of the hotel has an arrangement with the railroad by which its passengers may use the room, there being nothing on the door of the room to indicate that it is a railroad waiting room, and the room itself being under the control of the hotel man, the railroad having no servant there.

2. Same.—A railroad company must furnish a waiting room that is reasonably suitable and convenient; that is, such a room as ordinary care would provide; and ordinarily whether it has done this is a question of fact for the jury, where the evidence is conflicting.

3. Judgment—Grounds for Reversal.—A judgment will not be reversed for the refusal of the circuit court to allow a number of witnesses to testify for the defendant, when the testimony if heard, could not have affected the result.

JAS. R. SKILLMAN and R. A. MILLER for appellant.

JAS. BREATHITTT, Attorney General, C. H. MORRIS and J. R. LAYMAN for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Affirming.

The Louisville, Henderson & St. Louis Railway Company was indicted in the Breckinridge Circuit Court for failing to provide at Irvington, Ky., a convenient and suitable waiting room. On a trial of the case it was found guilty as charged and fined $100. It appeals, relying on several grounds for reversal.

Irvington is a town of the sixth class, having a population of 600 or 700. The main line of the railroad which runs from Louisville to Henderson has a junction there with a branch line running from Irvington to Fordville, from thence to Madisonville. The railroad tracks run practically east and west. On the south side of the tracks is a depot building in which are a ticket office and a waiting room about 15 by 19 feet. Next to the depot is a side track and next to this the main track

of the railroad. North of the main track is the platform, and north of this platform is a hotel kept by a man named Lyons. The passenger trains on the main line passing in the day stop at Irvington ten minutes for lunch, and while these trains are standing on the track, persons who get off them can not pass over to the waiting room in the depot without walking around the train. The railroad, however, made an arrangement with Lyons by which its passengers were allowed to use the waiting room of his hotel, this room being practically fifteen feet by twenty-five feet; it was also used by the guests of the hotel. On the front of the hotel there was a sign "Irvington," which is the only way the company designates its stations. There was no such sign on the depot; but there was no sign on the door of the waiting room at the hotel or in that room to apprise passengers that it was the railroad waiting room. There was testimony for the defendant to the effect that the employes of the road would tell passengers to use the room when they did not seem to know. Lyons had charge of this room; he heated it and lighted it and allowed the railroad passengers to use it, but the railroad company had no control over it. No tickets were sold there, and the railroad company had no agent or servant there. All the tickets were sold at the depot and the bulletins in regard to the trains were all posted there.

The defendant at the conclusion of all the evidence asked the court to give the jury instructions to the effect that they might consider this room in the hotel in determining whether the company had provided a convenient and suitable waiting room. The court refused to so instruct the jury and the propriety of this is the first question to be determined on the appeal. Section 772, Kentucky Statutes, under which the indictment was found, among other things, provides:

"And that every company operating a railroad in this State shall provide a convenient and suitable waiting room and water closet or privies at all depots in cities and towns, and at such other stations as the Railroad Commission may require on its lines, and keep and maintain the same in decent order and repair."

Section 784, which must be read with section 772, also provides:

"All companies shall keep their ticket offices open for the sale of tickets at least thirty minutes immediately

preceding the schedule time of departure of all passenger trains from every regular passenger depot from which such trains start or at which they regularly stop; and shall open the waiting room for passengers at the same time as the ticket office, and keep it open and comfortably warm in cold weather until the train departs; and when any regular passenger train is delayed for thirty minutes in its arrival at a station which is a telegraph office, it shall cause to have posted in some conspicuous place in the waiting room for passengers at such station the fact of and the length of time of the delay as soon as the same is ascertained by its agent at such station."

The waiting room in Lyons' hotel was not opened for passengers at the same time as the ticket office, but was opened by Lyons when he opened his house; he would also close it at night when he closed his house, although the trains had not come. We think it is the meaning of the statute that the convenient and suitable waiting room provided for by section 772 must be opened and be kept comfortably warm as provided for in section 784, and that a room where the bulletins are not posted, as provided by section 784, is not a waiting room within the meaning of section 772. The purpose of the statute in requiring the ticket office open for thirty minutes before the time of the departure of all passenger trains, and in requiring the waiting room for passengers to be opened at the same time as the ticket office, is to give the passengers an opportunity to buy tickets, and learn from the bulletin when their train may be expected. A room in a hotel building across the tracks from the ticket office fills none of the conditions of the statute, and is not a convenient or suitable waiting room within its meaning. We, therefore, conclude that the court did not err in refusing to instruct the jury as asked by the defendant.

The waiting room in the depot according to much of the evidence was too small to accommodate the passengers at that point. It was also very inconveniently located by reason of the fact that the trains stood for ten minutes between it and the platform, without any means for the passengers to pass from the platform to the station, unless they went around the trains, and no walks had been prepared by the railroad company for this. As we have heretofore said in construing section 772, the statute is entitled to a fair and reasonable construc-

tion; the company is only required to exercise reasonable care to provide a convenient and suitable waiting room.    L. & N. R. R. Co. v. Commonwealth, 137 Ky., 802.    But whether this waiting room was such as a person of ordinary care might usually be expected to provide under the circumstances, was under the proof a question for the jury, and the court did not err in refusing to instruct the jury peremptorily to find for the defendant.

It is also insisted for the company that the court refused to allow it to introduce a number of witnesses by whom it could prove that the waiting rooms were large enough to accommodate the traveling public, and that no inconvenience had in fact been suffered.    But all this proof was based on the idea that the room in the hotel could be considered, and this, as we have held, was not proper.    The defendant introduced a number of witnesses and all the facts were gotten before the jury.    We do not see that the testimony of the other witnesses whom the defendant proposed to introduce would have added anything to the testimony that was before the jury.    By section 793 of the statute, the penalty for its violation is a fine of not less than $100 nor more than $500.    The jury imposed the lowest fine allowed by the statute.

Judgment affirmed.