## Ward v. Louisville & Nashville Railroad Company.

(Decided March 7, 1916.)

### Appeal from Bell Circuit Court.

1. Railroads—Accommodation of Passengers and Facilities at Stations.—Section 784 of the Kentucky Statutes, requiring railroad companies to keep their ticket offices and waiting rooms open for the sale of tickets and the accommodation of passengers for thirty minutes immediately preceding the schedule time of the arrival of all passenger trains, and to keep the waiting room open until the train departs, does not require the company to open its waiting room for the accommodation of passengers after the departure of the train.

2. Railroads—Accommodation of Passengers and Facilities at Stations.—Where a railroad company has its waiting room open upon the arrival of a train, it cannot lawfully eject its passengers therefrom immediately after the departure of the train, and without giving them a reasonable time to make their arrangements for continuing their journey, or for protection against the weather, or to take other necessary precautions; in such cases the relation of carrier and passenger exists as to the use of the waiting room, and the general rule that the company must keep its waiting room open, heated, and lighted for a reasonable time after the departure of the train for the accommodation of passengers who desire to make use of it, applies.

PATTERSON & INGRAM for appellant.

METCALFE & JEFFRIES and BENJAMIN D. WARFIELD for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER.— Affirming.

This is an appeal from a judgment which sustained a demurrer and dismissed the petition of the appellant, Mrs. Julia Ward.

The petition states that in November, 1914, the plaintiff bought a ticket over the appellee's line from Jellico, Tenn., to Four Mile, Ky., a regular stop on its line, in

Bell county; that she and her three infant children, all under the age of six years, were carried by one of defendant's trains to Four Mile, arriving there at four o'clock in the morning; that as soon as she alighted from the train she went to defendant's waiting room provided for its passengers, for the purpose of obtaining shelter until she could get to her home, which was three miles distant and across the Cumberland river, at the mining camp of the Magnet Coal Company; that she found the waiting room locked; that it was long before daylight, and there was no other shelter, although it was a cold, chilly and disagreeable night, raining and snowing intermittently; and that she waited at the station three-quarters of an hour in the cold, and out of doors, thereby contracting a deep and violent cold, terminating in grippe.

Appellant bases her right of action upon section 784 of the Kentucky Statutes, which, in so far as it is applicable to this case, reads as follows:

"All companies shall keep their ticket offices open for the sale of tickets at least thirty minutes immediately preceding the schedule time of departure of all passenger. trains from every regular passenger depot from which such trains start or at which they regularly stop; and shall open the waiting room for passengers at the same time as the ticket office, and keep it open and comfortably warmed in cold weather until the train departs."

Appellee insists that the petition is defective, because it fails to allege that appellee's agent was at the station when the train arrived, or that the waiting room was then open, or that Four Mile is a night office for appellee's trains, or that an agent is kept there at night.

These objections, however, are not based upon the requirements of the statute, and do not avoid its application in a proper case. The statute requires the company to keep its waiting room at stations where its trains regularly stop, open and comfortably warmed in cold weather, for at least thirty minutes immediately preceding the schedule time of the arrival of the train, and until the train departs. The petition alleges that Four Mile was a regular stop upon appellee's line, thus bringing the case, as stated, within the terms of the statute.

Appellant was, however, an incoming passenger, not a departing passenger; and, under the terms of the statute, the company was only required to keep its waiting room open until the train departed. There is no allegation in

the petition that the company failed to do this; it is merely
alleged that when the plaintiff alighted from the train,
she went to the waiting room provided for passengers
and found it locked. This, however, is not inconsistent
with the idea that the train had then departed. In order
to bring her case within the statute, the plaintiff should
have alleged that when she found the waiting room locked
the train had not departed; and, under the rule which
requires us to construe a pleading most strongly against
the pleader, it will have to be assumed, in the absence of
an allegation controverting the fact, that the train had de-
parted when Mrs. Ward arrived at the waiting room.

Appellant would avoid the strict application of the
statute, however, by relying upon the common law rule
which declares that the relation of carrier and passenger
does not terminate by the act of the passenger in alighting
from the car at his destination, but continues a reason-
able time for the passenger to leave the railroad premises.
6 Cyc., 541.

And, in support of this view, appellant cites a passage
from the opinion of this court in L. & N. R. R. Co. v. Bays'
Admr., 142 Ky., 400, 34 L. R. A. (N. S.), 678, which de-
clared that where Bays was a passenger when he reached
Four Mile, his rights as a passenger ceased only after he
had had a reasonable time to leave the station.

But, when the opinion in that case is read in connec-
tion with the facts upon which it rests, it does not sup-
port appellant's contention. Bays reached the station
about eleven o'clock and remained there about two hours
before he was run over by a train and killed; and, to sus-
tain a recovery, it was insisted he was entitled to the
rights of a passenger at the time the train ran over him.

In denying that contention, this court said:

"While Bays was a passenger, when he reached Four
Mile, his rights as a passenger ceased after he had had a
reasonable time to leave the station. He and his friend
could not remain under the station platform indefinitely
as passengers. The accident occurred about two hours
after he reached the station, and they were not then un-
der the shed as passengers. (I. C. R. R. Co. v. Laloge,
113 Ky., 896, 6 Cyc., 541-542; Sandifer v. L. & N. R. R.
Co., 28 R., 464.)"

It will be seen that a construction of section 784, *supra*,
was not involved in the Bays case, and the question of the

company's duty in keeping its waiting room open was in no way involved.

Neither does L. & N. R. R. Co. v. Keller, 104 Ky., 768, support the view of the appellant, although in that case Mrs. Keller, as here, was an arriving and not a departing passenger. Mrs. Keller arrived at Shepherdsville, her destination, when it was raining and hailing very hard. Just before the arrival of her train a freight train of 31 cars was placed on the track between the station and the passenger train from which Mrs. Keller alighted. In this way her road to the passenger station was completely barred, and she was compelled to remain in the storm until she became thoroughly drenched. The opinion says she brought her suit for the negligent obstruction by the freight train of her way to the depot; and, the court sustained her verdict because the company failed to do its duty in causing her to leave the train in such a way that she could not obtain shelter in the station. In that connection, the court said that Mrs. Keller did not cease to be a passenger when she alighted from the train, but that she was a passenger entitled to protection from the weather, in the depot of the appellant for a reasonable length of time, to prepare and resume her journey. But the construction of the statute, *supra,* was in no way involved, and it is not claimed that the waiting room was not open. On the contrary, it was conceded by all parties, that the waiting room was open.

So, the Keller case being an action for the negligent obstruction of the passenger's way to an open waiting room, must be placed in a class different from the case at bar, which is a suit under the statute for a failure to keep the waiting room open.

C. & O. Ry. Co. v. Lauhorn, 159 Ky., 325, and Ponder v. L. & E. Ry. Co., 164 Ky., 69, are not in point, since in each of those cases the passenger was a departing and not an arriving passenger.

We do not mean to say, however, that where a railroad company has its waiting room open upon the arrival of a train, it has the right to eject its passengers therefrom immediately after the departure of the train without giving them a reasonable time to make their arrangements for continuing their journey, or for protection against the weather, or to take other necessary precautions.

In that case the relation of carrier and passenger would still exist as to the use of the waiting room, and the general rule that the company must keep its waiting room open, heated, and lighted for a reasonable time after the departure of trains for the accommodation of passengers who desire to make use of it, would apply.

Indeed, counsel for the appellee concede this to be the true rule, and in their brief they say, "We do not dispute the proposition that if a depot is open, a passenger getting off a train has a right to go to the station temporarily, either for protection against the weather, or for other purposes, just as the carrier owes to the passenger a reasonably safe means and opportunity of egress from the carrier's premises after the passenger has debarked from the train."

But the question here is, whether the company must open its waiting room after the departure of trains; and, since the statute deals with that subject, and does not require the waiting room to be opened after the departure of a train, we are of opinion the petition fails to show a violation of the statute, and that the circuit court properly sustained the demurrer to the petition. The legislature expressly requires the waiting room to be kept open thirty minutes before the arrival of a regular train, and until the train departs. If it had intended that the waiting room should be opened, and kept open any length of time after the departure of the train, we must assume it would have so declared.

Judgment affirmed.