## Illinois Central Railroad Company v. Commonwealth.

(Decided January 29, 1918).

### Appeal from Larue Circuit Court.

1.  Railroads—Indictment Against for not Providing Suitable Waiting Room—Evidence.—A railroad company is required by section 772 of the Kentucky Statutes to provide a convenient and suitable waiting room, and by section 784 to keep its waiting room open thirty minutes before the schedule time of departure of trains. Under an indictment against the company for failing to provide a convenient and suitable waiting-room, evidence that it was not properly heated or ventilated should be limited to thirty minutes before the schedule time of departure of trains, and the instructions should conform to the evidence on this point.

2. Railroads — Evidence of Incorporation not Necessary. — In a prosecution against a foreign railroad company for violating a statute it is not necessary to prove the incorporation of the company as it will be presumed that all railroad companies are incorporated in this state that operate railroads in the state.

TRABUE, DOOLAN & COX, WILLIAMS & HANDLEY and R. V. FLETCHER for appellant.

CHARLES H. MORRIS, Attorney General, OVERTON S. HOGAN, Assistant Attorney General, and J. LEWIS WILLIAMS for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

The railroad company was indicted by the grand jury of Larue county for an alleged violation of section 772, of the Kentucky Statutes providing that "every company operating a railroad in this State shall provide a convenient and suitable waiting room."

The indictment charged that the railroad company, "within twelve months before the finding of this indictment, did unlawfully and wilfully fail, neglect and refuse to provide a suitable waiting room at its depot in Hodgenville, an incorporated town of the sixth class; that said waiting room in said depot, its passenger depot, was on said date not convenient and suitable for accommodation of the passengers of the said company and the public, there being only one waiting room for white passengers, which was too small for the accommodation of said passengers and public, and was and is not suffiiciently lighted, heated or ventilated and was not supplied with suitable or sufficient furniture for the accommodation of said passengers and the public and was not kept and maintained in decent order and repair."

After a demurrer to the indictment had been overruled, the case went to trial, and there was a verdict and judgment against the railroad company for $250.

On this appeal it is suggested that the indictment is not good, but finding no merit whatever in this contention, we will pass it without further comment.

Another ground relied on is the failure of the Commonwealth to show by the evidence that the railroad company was a corporation.

It was not necessary that there should have been any evidence in behalf of the Commonwealth on this subject. It is a legal presumption that every company operating a railroad in this state is a corporation. No distinction

is to be made in this respect between a domestic and a foreign railroad company, because neither the one nor the other can operate in this state legally until and unless they have become incorporated under the laws of this state; Plummer v. C. & O. Ry. Co., 143 Ky. 102; L. & N. R. R. Co. v. Com., 154 Ky. 293; M., H. & E. R. R. Co. v. Com., 140 Ky. 255.

It is next contended that the court committed prejudicial error in the instructions. The particular instruction complained of advised the jury that if they believed the railroad company "within twelve months next before the finding of the indictment failed and neglected to provide a waiting room at said depot in said town reasonably convenient and suitable for the accommodation of the passengers traveling to and from Hodgenville on said railroad company's passenger trains, considering the size and population of the town of Hodgenville and the number of passengers arriving at and departing therefrom on said railroad company's trains, by reason of said waiting room being too small, or not supplied with suitable or sufficient furniture, or not sufficiently heated or ventilated for the accommodation of said passengers, or not kept in decent order or repair, then they will find defendant guilty as charged in the indictment."

The objection urged to this instruction is that it permitted the jury to find a verdict of guilty if they believed that the waiting room was not "sufficiently heated or ventilated" for the accommodation of passengers within twelve months before the finding of the indictment. It is argued that under this instruction the jury were authorized to find the company guilty if they believed that at any time within twelve months before the finding of the indictment the waiting room was not sufficiently heated or ventilated for the accommodation of passengers. And the instruction appears to be open to the construction put upon it. The verdict of course does not show whether the jury were influenced to find a verdict of guilty because they believed the waiting room was too small, or because it was not supplied with suitable or sufficient furniture, or because it was not kept in decent order or repair, or because it was not sufficiently heated or ventilated. Under the instruction the existence of any of these conditions within twelve months would have authorized a finding of guilty.

Section 784, of the Kentucky Statutes, provides, in part, that railroad companies "shall keep their ticket offices open for the sale of tickets at least thirty minutes immediately preceding the schedule time of departure of all passenger trains from every regular passenger depot from which such trains start or at which they regularly stop; and shall open the waiting room for passengers at the same time as the ticket office, and keep it open and comfortably warmed in cold weather until the train departs." Under this statute they are not required to keep their waiting rooms suitably heated or ventilated during the whole of the day or at any other time except thirty minutes immediately preceding the schedule time of departure and until the departure of passenger trains. If a railroad company keeps its waiting room suitably heated and ventilated during the time it is required by section 784, to provide accommodations for the public, it has fulfilled its duty in this respect under both sections 772 and 784.

We are, therefore, of the opinion that the evidence of the witnesses as to the heating and ventilation of the waiting room should have been limited to the time the company was required under section 784 to keep it open for the public. The failure, however, to so limit the evidence on this point is not available error, as it does not appear that any objection was made to the introduction of the evidence. But the admission of this incompetent evidence without objection did not cure the prejudicial eror in the instruction, as it is the duty of the court to give the correct law in criminal cases; Thompson v. Com., 122 Ky. 501; Illinois Central R. R. Co. v. Com., 28 Ky. L. Rep. 802; Ward v. L. & N. R. R. Co., 168 Ky. 826; L., H. & St. L. Ry. Co. v. Com., 144 Ky. 541.

On another trial if there is evidence on the subject of the heating and ventilation of the waiting room tending to show that within thirty minutes immediately preceding the schedule time of departure and until the departure of trains, the depot within the year was not sufficiently heated or ventilated, the court in instructing the jury upon this point should confine their consideration of it to the condition of the waiting room thirty minutes immediately preceding the schedule time of departure and until the departure of trains.

For the error indicated, the judgment is reversed for a new trial consistent with this opinion.