EARL HAMMOND BUBAR, PETITIONER

*vs.*

DORIS DARLING PLANT.

Penobscot.    Opinion, November 21, 1945.

*Arthur L. Thayer,*

*Frank G. Fellows,* for the petitioner.

*Abraham M. Rudman,* for the defendant.

SITTING: THAXTER, HUDSON, MANSER, MURCHIE, JJ. AND CHAPMAN, ACTIVE RETIRED JUSTICE.

THAXTER, J.   The parties to this proceeding were formerly husband and wife. At the November, 1940, term of the Superior Court sitting at Bangor within and for the County of Penobscot, the respondent obtained a divorce from the petitioner. By the terms of the decree the petitioner was ordered "to pay to the libelant (Doris Darling Bubar), in lieu of alimony, the sum of twenty-five dollars per week, until further order of Court, the first payment to be due and payable November 30th, 1940, and payments to be made weekly thereafter." Payments were made regularly until about December 13, 1944. On November 26, 1944, Mrs. Bubar was married to one Arnold O. Plant. On December 12, 1944, this petition was

brought, seeking, because of the changed conditions, a termination of the payments as of November 27, 1944, or such change in the order as to the court might seem just and reasonable.

On this petition a hearing was had April 18, 1945. The presiding justice entered an order reducing the payments to ten dollars a week effective on and after April 18, 1945. The case is before us on the petitioner's exceptions to this ruling.

The statute here involved, R. S. 1944, Chap. 153, Sec. 62, has been in effect in its present form since 1939. It prescribes the authority of the Court to award and control alimony payments to a wife obtaining a divorce. The essential part reads as follows:

> "The court may also decree to her reasonable alimony out of his estate, having regard to his ability . . . ; or, instead of alimony, may decree a specific sum to be paid by him to her or payable in such manner and at such times as the court may direct; and may at any time alter, amend, or suspend a decree for alimony or specific sum when it appears that justice requires; and use all necessary legal processes to carry its decrees into effect."

The payments of twenty-five dollars weekly decreed to the wife in this case at the time of the divorce were in fact alimony in spite of the words in the decree "in lieu of alimony." The order was not for the payment of a specific sum. Being alimony, the provision was for the maintenance and support of the wife from week to week, *White* v. *Shalit*, 136 Me., 65, 68, 1 A., 2d, 765; and the decree ordering the same was, in the sound discretion of the Court, subject to alteration, amendment, or suspension if by reason of changed conditions, justice so required. The discretion of the Court in awarding alimony is not subject to exceptions, *Call* v. *Call*, 65 Me., 407; and the same rule would of course apply to any subsequent action of

the Court in altering the decree. But, as in analogous situations, an abuse of such discretion raises an issue of law.

The petitioner in the instant case claims that the remarriage of a divorced wife raises a presumption that the reason for the continuance of alimony no longer exists; and, in the absence of some compelling circumstance, requires the court as a matter of law to order its discontinuance.

The authorities are in conflict on this question. Some hold that the continuance of alimony under such circumstances rests in the sound discretion of the Court; others hold that remarriage *ipso facto* ends the right of a wife to it. For a summary of these divergent points of view, see the annotations in 30 A. L. R., 81; 42 A. L. R., 602; 64 A. L. R., 1273; 112 A. L. R., 253.

We think that the correct rule is that the remarriage of a divorced wife does not of itself terminate her right to alimony, but that it does make out a *prima facie* case which requires the court to end it, in the absence of proof of some extraordinary circumstance justifying its continuance. It is a question in which public policy plays an important part; and it is against public policy in the ordinary case for one man to be supporting the wife of another who has himself assumed the legal obligation for her support. The award of alimony is a continuance under the order of the Court of the husband's obligation to support the wife, and there is no reason why that obligation should remain when another husband has assumed it. The Supreme Court of Connecticut in *Cary* v. *Cary*, 112 Conn., 256, 261, 152 A., 302, 303, has thus summed up the effects of a contrary rule; "It would offend public policy and good morals. It is so illogical and unreasonable that a court of equity should not tolerate it. Well has it been characterized as legally and socially unseemly. Two husbands should not be liable for the obligation of support for a woman who is the divorced spouse of one and the wife of the other." The following authorities support the doctrine of the Connecticut court which we here

adopt. *Maginnis* v. *Maginnis*, 323 Ill., 113, 153 N. E., 654; *Atlass* v. *Atlass*, 112 Cal., App. 514, 297 P., 53; *Montgomery* v. *Offutt*, 136 Ky., 157, 123 S. W., 676; *Lyon* v. *Lyon*, 243 Ky., 236, 47 S. W., 1072; *Emerson* v. *Emerson*, 120 Md., 584, 87 A., 1033; *Sides* v. *Pittman*, 167 Miss., 751, 150 So., 211; *Mindlin* v. *Mindlin*, 41 N. M., 155, 66 P., 2d, 260; *Kirkbride* v. *Van Note*, 275 N. Y., 244, 9 N. E., 2d, 852; *Phy* v. *Phy*, 116 Ore., 31, 236 P., 751, 240 P., 237, 42 A. L. R., 588; 17 Am. Jur. 474, *et seq.*

In California and New York, statutes were involved, but the reasoning of those courts indicates that the same result would have been reached irrespective of statute.

The Massachusetts court has held that remarriage makes out a *prima facie* case for the reduction of alimony to a nominal sum. *Southworth* v. *Treadwell*, 168 Mass., 511, 47 N. E., 93.

In the case now before us the only reason given by the wife why alimony should be continued is that she would not be able without it to live with her second husband in the way in which she lived prior to her marriage to him. That is hardly a valid reason for its continuance. The first husband is under no obligation to support her as another man's wife in the same status as she lived as a single woman.

The decree reducing the alimony to ten dollars a week was erroneous. The payments should end as of the date of the last payment made by the petitioner to her.

*Exceptions sustained.*