Kathryn CONGER

v.

Thomas E. CONGER.

Supreme Judicial Court of Maine.

April 27, 1973.

Rudman, Rudman & Carter, by Gerald E. Rudman, Richard J. Relyea, III, Bangor, for plaintiff.

Paine, Cohen, Lynch, Weatherbee & Kobritz by Errol K. Paine, Peter M. Weatherbee, Bangor, for defendant.

Before DUFRESNE, C. J., and WEBBER, POMEROY, WERNICK and ARCHIBALD, JJ.

POMEROY, Justice.

This couple says they had a very stormy marriage.

The record in this case demonstrates they are having a very stormy divorce.

This action was commenced by the filing of a divorce complaint on October 28, 1969, in the District Court, District No. 3. The complaint prayed for:

(1) a divorce.

(2) care and custody of the minor child.

(3) that the defendant be ordered to pay a reasonable sum for the support of said child.

(4) that reasonable alimony may be ordered paid to this plaintiff out of the es-

tate of the said defendant or in lieu thereof a specific sum may be paid to her by him.

On Jan. 26, 1970, the District Court entered, (1) a judgment granting the divorce, ordering (2) the payment of $50.00 per week for the support of a minor child; (3) $25.00 per week alimony; (4) payment by defendant of any extraordinary medical expenses for the child, and (5) also that the defendant pay a hospital in New York the sum of $4,890.00 for expenses incurred on behalf of the plaintiff.

The defendant seasonably appealed to the Superior Court from all of the judgment except the divorce.

The Superior Court ordered the cause remanded to the District Court, the clause relating to payment of the hospital bill stricken and the entry of judgment "and any further proceedings."

The plaintiff then filed a motion for enforcement of judgment in the District Court. The defendant at about the same time filed a motion for relief from judgment.

After the Court had acted, the defendant filed a motion for additional findings of fact. The District Court Judge refused to make further findings. He granted the plaintiff's motion and ordered the sum of $3,400.00 arrearage paid.

He denied the defendant's motion for relief from the judgment.

The appeal to the Superior Court on all three issues availed the defendant nothing. He thereupon appealed to this Court.

All appeals are consolidated before us.

We deny all appeals.

The parties were married in June of 1966 and resided in Orono while defendant attended the University. In August of 1969 plaintiff's health had deteriorated to the point where she was so "distressed" that defendant took her to the Stacy Lodge Hospital in New York. Plaintiff was vol-

untarily committed and defendant returned to Orono for the fall semester. In October of 1969, plaintiff, while on "furlough" from the hospital, was accompanied by her father to Orono. She visited with the defendant and informed him that her purpose in returning to Maine was to see a lawyer regarding a divorce. At this meeting defendant stated that he would not file a divorce and would "be willing to pay child support, if you are not going to ask for alimony." The plaintiff responded that she only desired help for their daughter.

On October 28, 1969, after the meeting with her husband and after consulting an attorney, Mrs. Conger filed a complaint for divorce which contained a prayer for "a reasonable sum for the support of said child" and "that reasonable alimony may be ordered."

The defendant called his wife "around Christmas time" and asked her "what she was going to do about alimony and support." The plaintiff replied that she could not discuss it and suggested that defendant come to the hearing in January. The defendant was also advised by letter from his wife's lawyer, that he should retain counsel and appear at the hearing.

A hearing was held on January 26, 1970, in District Court. Defendant did not appear, nor was he represented at this hearing. Judgment was entered granting plaintiff a divorce and custody of the child and ordering defendant to pay $50.00 a week for child support, $25.00 a week in alimony, $4,890.00 to a New York Hospital for bills incurred on behalf of plaintiff, and $200.00 to plaintiff's counsel.

The defendant then retained counsel to prosecute an appeal from this judgment.

A hearing was had in Superior Court in September, 1970, and on April 5, 1971, the Superior Court granted defendant's appeal[1] and remanded the action to District Court for entry of judgment and for "any further proceedings."

The defendant did not appeal from this Order of the Superior Court.

The District Court without entering judgment, entertained defendant's motion for relief from judgment and plaintiff's motion for enforcement of judgment filed on April 12th and 13th, respectively. On September 10, 1971, the District Court Judge entered judgment for plaintiff on her motion for enforcement of judgment for $3,400.00 and denied defendant's motion for relief from judgment. Pursuant to defendant's request, the District Court Judge, on September 1, 1971, made findings of fact and conclusions of law. He found as facts that the period from the granting of the divorce, January 30, 1970, until the filing of the motion for judgment, April 12, 1971, consisted of 62 weeks; that under the terms of the decree, defendant was ordered to pay $75.00 a week in alimony and child support, a total obligation of $4,650.00; that defendant had paid $1,250.00 to plaintiff during that term; that "defendant could have paid" the arrearage of $3,400.00. The Judge concluded, as a matter of law, that he had the power to grant defendant relief from paying the full $3,400.00 if mitigating circumstances[2] were shown. The Judge found that "no such circumstances were shown."

The defendant then moved for additional findings concerning his earnings and living expenses over the 62-week period in question that would support the Court's conclusion that he was financially able to comply with the decree of January 26, 1970.

This motion was denied and defendant appealed to Superior Court.

1. The record shows that the sole issue on this appeal, was the validity of that portion of the divorce decree ordering defendant to pay the bills incurred at Stacy Lodge Hospital. The Superior Court held that clause of the decree was beyond the jurisdiction of the court and ordered the clause stricken.

2. The Judge cited illness as a specific example of a mitigating circumstance.

The Superior Court Justice ruled that the denial of defendant's motion for additional findings was not error because the motion lacked specificity, findings on motions are not required, and the presiding Judge did not abuse his discretion. The Justice then held a hearing *de novo* on defendant's motion for relief from judgment.

At this hearing, defendant was the sole witness. The basis for his claim for relief was an alleged misrepresentation made by Mrs. Conger during her visit in Orono in October of 1969. The defendant contended that he refrained from attending the divorce hearing, and thus was substantially prejudiced as a direct result of his wife's statement in October that she did not desire any alimony. The presiding Justice ruled that any reliance placed upon that statement was unjustified in light of subsequent communications between the parties. The Justice then denied defendant's appeal from the District Court Order on defendant's motion for relief from judgment and plaintiff's motion for enforcement of judgment.

The first issue before this Court results from the denial of defendant's motion for additional findings.

D.C.Civ.R. Rule 52(a) states that:

Findings of fact and conclusions of law are unnecessary on decisions of motions under Rule 12 or 56 or any other motion except as provided in Rule 41(b)" [3]

Defendant's motion for additional findings was therefore necessarily addressed to the discretion of the presiding Judge.

The issue before us is whether the presiding Judge abused his discretion.

We hold that he did not.

The primary function of Rule 52 findings is to present a clear statement of the basis for the trial court's judgment to an Appellate Court. See 1 Field, McKusick and Wroth, Maine Civil Practice, § 52.1 (2nd Ed. 1970). The additional findings requested by defendant had little if anything to do with the motions upon which the presiding Judge had just acted. Defendant's motion for relief raised the issue of misrepresentation and reliance, therefore the requested additional findings would be of no use to an Appellate Court in reviewing the denial of that motion.

The requested additional findings related most closely to the propriety of the amount of alimony and child support awarded in the decree of January 26, 1970.

This issue was not before the Court in September of 1971.

The defendant had already appealed from the original judgment and had sought no review of the Superior Court Justice's order modifying that judgment. In contesting the motion for enforcement of judgment, defendant was limited, and properly so, by the presiding Judge, to showing changed conditions or mitigating circumstances which may have rendered the original judgment oppressive.

The requested findings had no bearing on any such circumstances.

Rather, they were directed to the propriety of the original judgment. The denial of the request for those findings was not error.

The second issue raised by this appeal was occasioned by the dismissal of defendant's motion for relief from judgment.

Defendant's motion raised two issues:

(1) that defendant relied upon his wife's misrepresentations in his decision not to attend the divorce hearing; and

---

3. D.C.Civ.R. 41(b) directs the Court to make findings upon request after granting a motion to dismiss after the plaintiff has completed the presentation of his evidence. This exception has no application to the motion for enforcement of judgment in the instant case.

(2) the decree issued as a result of that hearing was "unreasonable and unequitable (sic)."

■ D.C.Civ.R. Rule 60(b) describes the reasons for which relief from a judgment may be granted. They include

" . . . (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party . . . ."

The District Court Judge, after a hearing, denied the motion. The presiding Justice in Superior Court after a hearing *de novo*, authorized by D.C.Civ.R. Rule 60(c), ruled that any reliance by defendant was unjustified and consequently did not satisfy Rule 60(b)(3).

This decision is not clearly erroneous.

The defendant does not allege that plaintiff is guilty of fraud as defined in Prince v. Brackett, Shaw & Lunt Co., 125 Me. 31, 130 A. 509 (1925). We hold that to establish misrepresentation as a ground for relief from a judgment under Rule 60(b), the moving party must satisfy the Court that his reliance upon that misrepresentation was justified.

■ Even if defendant was justified in relying upon his wife's statement when made in October,[4] his continued reliance at the time of the hearing was unjustified in light of the language of the complaint, his telephone conversation with plaintiff, and the admonitions from both plaintiff and her attorney that defendant should appear at the hearing.

The denial of his motion for relief from judgment because of plaintiff's misrepresentation was not error.

Defendant's second point of appeal from the dismissal of his Rule 60(b) motion and his appeal from the granting of plaintiff's motion for enforcement of judgment raise the same issue. Defendant contends that it was error for the Superior Court Justice to limit the hearing *de novo* on his motion for relief solely to the issue of misrepresentation. He argues that he should have been allowed, at the hearing in Superior Court and in the hearing in District Court upon plaintiff's motion for enforcement, to adduce evidence to show that the support and alimony ordered by the original decree was inequitable. He wanted, in effect, a second appeal from the divorce judgment. Even if defendant's motion for relief is construed as incorporating a motion for modification or alteration, he cannot be granted a second appeal.

■ The relevant inquiry on any of these motions was properly delimited by the District Court Judge. To gain the relief which he seeks, defendant was bound to show changed conditions or mitigating circumstances that rendered the continuance of the original support order or the enforcement of that order inequitable. Bubar v. Plant, 141 Me. 407, 44 A.2d 732 (1945).

Defendant has failed to introduce or to offer any such evidence. Since he has shown no reason why the issue he now seeks to present to the Court was not presented in his appeal from the divorce judgment, we decline to allow him a second appeal. Defendant's motion for relief was properly denied. 2 Field, McKusick and Wroth, Maine Civil Practice, § 60.1, (2nd Ed. 1970).

---

4. At the time the statement was made defendant knew that plaintiff was on furlough from a hospital where she was being treated for a "nervous breakdown." Additionally, the circumstances at the time, the decision to end her marriage, must necessarily have cast an extra burden upon plaintiff.

We also sustain the granting of plaintiff's motion for enforcement of judgment. An order, in a divorce action, relating to the support of minor children or to the separate support of his wife, is not automatically stayed during an appeal. M.R. Civ.P. Rule 62(a). No stay of the divorce judgment in this case has been ordered by any court. The award of $25.00 per week as alimony is an order for the separate support of plaintiff. Bubar v. Plant, supra; Chase v. Chase, 55 Me. 21 (1867). Therefore, the District Court Judge acted properly in granting enforcement of the support orders from January 26, 1970, the date of entry of the original decree.

The entry must be,

Appeal denied.

WEATHERBEE, J., did not sit.