Donna H. TIBBETTS

v.

David R. TIBBETTS.

Supreme Judicial Court of Maine.

Sept. 13, 1979.

---

Paine & Lynch, by Errol K. Paine (orally), Martha J. Harris, Bangor, for plaintiff.

Stearns, Finnegan & Needham, P.A., by John A. Woodcock, Jr. (orally), Thomas E. Needham, Bangor, for defendant.

Before WERNICK, ARCHIBALD, GODFREY and NICHOLS, JJ., and DELAHANTY, A. R. J.

NICHOLS, Justice.

This appeal raises a significant issue as to the jurisdiction of a divorce court to enforce its order of support pending divorce after it has entered its judgment of divorce and while an appeal from that judgment is being considered in a higher court.

The Plaintiff, Donna H. Tibbetts, moved in District Court (District Three) for certain arrearages she asserted were due her from her husband, David R. Tibbetts. At the inception of the proceeding, and upon the wife's motion for support "pending the hearing" thereof, the District Court had ordered the husband to make semi-monthly payments of $305.07 to his wife "until further order of Court."

In due course that Court entered a divorce judgment which, *inter alia*, ordered the husband to pay the sum of $30,000 in lieu of alimony; the wife appealed that judgment to Superior Court (Penobscot County), challenging its provisions for distribution of property; and while her appeal was there pending the wife brought this motion in District Court for arrearages.[1]

---

1. Subsequently the Superior Court remanded this proceeding to the District Court for further findings. From the amended judgment which resulted the wife again appealed to Superior Court. When this time the Superior Court affirmed in part the District Court's amended judgment but remanded for a minor amendment, the wife appealed to this Court. That divorce judgment is the subject of *Tibbetts v. Tibbetts*, Me., 406 A.2d 70, a companion case also decided by our Court this day.

Her motion for arrearages was "dismissed for lack of jurisdiction" by the District Court. The wife appealed that order of dismissal to the Superior Court. The Superior Court found that the motion was based on arrearages allegedly arising under the order for temporary support after the divorce court had entered the initial divorce judgment and while an appeal therefrom was pending.[2] The Superior Court concluded that the motion was "clearly erroneous" and affirmed. The wife seasonably appealed to this Court.

We affirm the Superior Court.

■ At the threshold it is clear that the jurisdiction of the District Court extends to proceedings such as this. At the time the wife's motion was brought the pertinent statute provided:

> Pending a divorce action, the court may order the husband to pay to the wife, or to her attorney for the wife, sufficient money for her defense or prosecution thereof, and to make reasonable provision for her separate support, on a motion for which costs and counsel fees may be ordered; enter such decree for the care, custody and support of the minor children as the court deems proper; and in all cases enforce obedience by appropriate processes on which costs and counsel fees shall be taxed as in other actions. 19 M.R.S.A. § 693 (1964) (amended subsequent to District Court action in this case).

At the same time the pertinent rule read:

> At any time prior to judgment in an action for divorce in which the court has personal jurisdiction over the husband, it may on motion order him to pay to the wife or to her attorney sufficient money for her defense or prosecution thereof, and to make reasonable provision for her separate support, and may make such order as it deems proper for the care, custo-

dy and support of minor children. At any time prior to judgment in any action for divorce, the court may on motion enter such order as it deems proper for the custody of minor children within the state and may prohibit the husband from imposing any restraint on the personal liberty of the wife. Costs and counsel fees may be ordered on any motion under this subdivision, and the court may in all cases enforce obedience by appropriate processes on which costs and counsel fees shall be taxed as in other actions. Execution for counsel fees for prosecution or defense of the action for divorce shall not issue until the action for divorce has been heard. M.R.Civ.P. 80(c), (amended subsequent to District Court action in this case).

Thus the wife's motion for arrearages could properly be brought at any time prior to judgment.

Next we must consider the impact upon the wife's claim of the fact that three months prior to her motion for arrearages the District Court had entered a divorce judgment, and that the wife had appealed therefrom to the Superior Court.

■ As a general rule the taking of an appeal has two consequences: (a) The trial court is divested of jurisdiction to take any action except in aid of the appeal; and (b) execution of the judgment is stayed while that appeal is pending. D.C.Civ.R. 62(a), (e). The purpose of such a stay is to preserve the *status quo* at the time judgment was entered. *In re Lewis Jones, Inc.*, 369 F.Supp. 111, 116 (E.D.Pa.1973). Only in rare cases do the ends of justice require a change to the *status quo ante*, preserving a situation that existed prior to the entry of judgment. *Sena v. District Court of Fourth Judicial District*, 30 N.M. 505, 240 P. 202, 204 (1925).

---

**2.** Upon appeal the wife did not challenge this finding that the support payments in controversy were only those which accrued, if at all, after the divorce judgment was entered, and at argument the husband's counsel represented that the husband made all the semi-monthly payments due from him until the divorce judgment was entered. We ground this opinion upon that finding of the Superior Court.

■ The order which the wife seeks to enforce here, however, falls within an exception to those general rules. An order relating to the separate support of the wife shall not be stayed during the period after its entry and until an appeal is taken or during the pendency of an appeal. D.C. Civ.R. 62(a).

■ Accordingly, the wife's prosecution of an appeal from the District Court's divorce judgment did not *per se* divest that Court of jurisdiction over the issue of arrearages. The District Court, then, erred when it dismissed the wife's motion for lack of jurisdiction.

■ Even after an appeal is taken the divorce court retains sufficient jurisdiction to enforce its order of temporary support. See *Strater v. Strater*, 159 Me. 508, 520–521, 196 A.2d 94, 100 (1963); *Carrow v. Carrow*, 294 S.W.2d 595 (Mo.Ct.App.1956); Annot., 19 A.L.R.2d 703, 706 (1951).

There are strong policy considerations supporting such a rule. The dependent spouse presumably has the same needs during the period the appeal is pending as while that spouse was awaiting the decision of the divorce court. Furthermore, the support order is usually collateral to the issues pressed on appeal, and it would be inappropriate to burden the appellate court with resolution of the support problems. Perhaps it is because the divorce court is better equipped to handle the support matters that it is given jurisdiction over these matters, even pending an appeal from its judgment.

■ Having determined that the District Court was not deprived of its jurisdiction over this matter because an appeal had been taken from its divorce judgment, we move on to a further issue joined on this appeal—is the wife entitled to continue to receive these semi-monthly payments during the pendency of her appeal, as she asserts she is, or was the Superior Court correct in concluding that her entitlement to those payments under the order of support pending divorce was terminated by the District Court's entry of a judgment of divorce?

To decide this issue we must resolve a seeming conflict between the provisions of 19 M.R.S.A. § 693, *supra*, and D.C.Civ.R. 62(a).

At first reading that statute appears to contemplate that the husband may be ordered to provide for the wife's separate support "pending a divorce action," and in the proceeding before us the divorce action has not been concluded. On the other hand, the rule cited (which is the counterpart of M.R.Civ.P. 62(a) pertinent to divorce actions commenced in Superior Court) ordained that *unless otherwise ordered by the court* an order relating to the separate support of the wife shall not be stayed during the period after its entry and during the pendency of an appeal.

For our Court this is a case of first impression.[3] If 19 M.R.S.A. § 693 were to require the support order to be given effect throughout the pendency of the appeal, as the wife contends, there would be no purpose in the limiting language of D.C.Civ.R. 62(a) which provides that the order of support shall not be stayed "[u]nless otherwise ordered by the court."

We look, then, to the divorce judgment to determine whether it encompasses an order for the support of the spouse for whom the temporary support had earlier been ordered. Where such provision is found in the divorce judgment, the prior order is, indeed, terminated. First, the need for the interim protection is gone once that spouse can have

---

3. In *Button v. Button*, Me., 222 A.2d 245, 247 (1966) our Court was concerned only with the collection of support payments which had accrued prior to the entry of a divorce judgment. While holding that the obligations created under the order of support pending divorce were not "destroyed" on entry of final judgment, we took the occasion, however, to observe that the order of support pending divorce terminated on entry of that judgment and carried no obligation arising thereafter.

*Cf. Colom v. Colom*, 58 Ohio St.2d 245, 389 N.E.2d 856 (1979) (majority of a divided court holding that not only is the interim order merged in final judgment but right of enforcement of the interim order is not extended beyond final judgment). *See also* Annot., 154 A.L.R. 530 (1945).

the benefit of the divorce judgment. Second, the divorce court has a more current, and perhaps a more complete, picture of the spouse's financial needs than when it entered an order *pendente lite*.

We now advert to the record before us to determine if in this case the divorce judgment contained such a provision for the wife's support. We find that the original judgment entered in Superior Court provided, *inter alia* :

16. The Court further orders and decrees that the Defendant pay to the Plaintiff in equalization of the property distribution granted above the sum of Thirty Thousand ($30,000) Dollars payable at Five Thousand ($5,000) Dollars a year for the next six years, the Five Thousand ($5,000) Dollars each year to be paid in weekly installments of One Hundred ($100.00) Dollars per week, first payment due October 25, 1974.

17. The Court further orders and decrees that in lieu of alimony that [sic] the defendant pay to the plaintiff Thirty Thousand ($30,000) Dollars payable in the same manner as the other Thirty Thousand ($30,000) Dollars.

Additionally, the District Court appended to its judgment the following language:

Any portion of this Divorce Judgment which has to do with . . . the separate support or personal liberty of the wife is effective immediately. Divorce from the bonds of matrimony is not final until all rights of appeal under Rule 73 of the Maine District Court have expired.

Thus the District Court adjudged that for six years the wife was to receive weekly payments from her husband, the two categories totalling more each month than she had been receiving under its temporary order, and that such provision for her support was "effective immediately."

Whether the label is "alimony" or "in lieu of alimony," the provision is for the support of the wife from week to week. *Bubar v. Plant*, 141 Me. 407, 409, 44 A.2d 732, 733 (1945).

Thus, in the language of D.C.Civ.R. 62(a), provision for the wife's support had been "otherwise ordered by the court."

We conclude that the provisions of the divorce judgment supersede the same court's provision in its earlier order; and, in light of the language of that judgment, the wife could enforce compliance by the husband with the new provision made in her behalf so long as that remained the judgment of the divorce court.[4]

The Superior Court was correct in ruling that the wife had no valid claim for support under the temporary order from the time the divorce judgment was entered and during the pendency of her appeal therefrom.

■ The Superior Court erred only in ordering the dismissal of her motion, rather than ordering the denial of that motion on its merits. *Dismissal* connotes disposition of a motion not on its merits, and often a motion so disposed of can be renewed. *Denial* of a motion signifies an adjudication on the merits, and usually it means that the issue cannot be further litigated in that court. The error in nomenclature, however, was inconsequential.

The entry will be:

Appeal denied.

Judgment affirmed.

McKUSICK, C. J., and POMEROY, J., did not sit.

DELAHANTY, A. R. J., sat at oral argument as Associate Justice, but retired prior

4. The appeal before us concerns only the wife's motion for arrearages which she asserted was due her under the order of support pending the divorce. We note from the record, however, that more than a year after her motion was served and filed the divorce court amended its judgment making other provisions in lieu of alimony, but this time providing "first payment due when the decree becomes final."

Our disposition of this appeal does not in any way prejudice the wife's right to collect such sums as may be due her in equalization of the property distribution and in lieu of alimony under the original or the amended divorce judgment.

to the preparation of this opinion. He has joined in the opinion as an Active Retired Justice.