Esther E. MILLS

v.

Crosby G. MILLS.

Supreme Judicial Court of Maine.

Submitted on Briefs Sept. 20, 1989.

Decided Oct. 26, 1989.

---

William S. Silsby, Jr., Silsby & Silsby, Ellsworth, for plaintiff.

Steven J. Mogul, Gross, Minsky, Mogul & Singal, Bangor, for defendant.

Before McKUSICK, C.J., and WATHEN, GLASSMAN, CLIFFORD, HORNBY, and COLLINS, JJ.

McKUSICK, Chief Justice.

Does the remarriage of the payee spouse terminate the obligation of the payor spouse to pay alimony? In the specific circumstances of the parties to this appeal, the Superior Court in 1988 entered a final judgment answering that question in the affirmative. On principles of collateral estoppel we affirm the Superior Court's dismissal in 1989 of another motion raising the same question between the same parties.

Crosby and Esther Mills were married in 1941. Esther obtained an order of judicial

separation in 1965, and in 1966 Crosby obtained a divorce in Nevada. In 1967 Esther commenced the present action by filing a complaint seeking to have the Nevada divorce decree declared invalid. The following year, the parties entered into a settlement agreement, by which Esther agreed to be bound by the Nevada divorce decree and Crosby agreed to convey certain real estate to Esther and to pay her $35 per week in support or alimony. On the basis of the settlement agreement, the Superior Court (Hancock County, *Roberts, J.*) in October 1968 entered judgment declaring the Nevada divorce valid and binding. The court's order did not incorporate the economic terms of the settlement agreement or otherwise contain any provision for alimony.

In 1973 Esther married Timothy N. Tauver and twelve years later, in 1985, was divorced from him. In 1987 Esther filed a motion seeking a money judgment against Crosby for support arrearages for all periods subsequent to the parties' 1968 settlement agreement, including the period after her marriage to her second husband. In January 1988 the Superior Court (*Browne, A.R.J.*) entered partial summary judgment in favor of Crosby, ruling that Esther is not entitled to support payments for any period following her remarriage in 1973 in accordance with *Raymond v. Raymond,* 447 A.2d 70, 71 (Me.1982), and *Bubar v. Plant,* 141 Me. 407, 410, 44 A.2d 732, 734 (1945). At the same time the court denied Crosby's motion for summary judgment as to any support arrearages that might have accrued prior to Esther's remarriage, but in June 1988 Esther voluntarily dismissed that sole remaining part of her arrearages claim. By that dismissal the Superior Court's January 1988 summary judgment became final and appealable; Esther, however, took no appeal.

Some months later Esther filed another motion seeking alimony prospectively from Crosby. The Superior Court (*McKinley, J.*) dismissed her second motion in April 1989 declaring, "There is no legal basis for this claim." Esther takes the present appeal from that 1989 dismissal, still arguing that she is entitled to support from her first husband.

The critical issue before the Superior Court in 1989 was precisely the same issue that the court fully and finally adjudicated in 1988: Is Esther, by contract or otherwise, entitled to alimony from Crosby at any time following her marriage in 1973 to another man? Black letter principles of issue preclusion or collateral estoppel foreclose Esther from relitigating that question.

> When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.

*Restatement (Second) of Judgments* § 27 (1982); *Cianchette v. Verrier,* 155 Me. 74, 85–90, 151 A.2d 502, 508–11 (1959). In 1988 Esther's claim to alimony after her remarriage was litigated and determined adversely to Esther, and that determination was essential to the court's entry of summary judgment in Crosby's favor. Esther did not appeal that judgment when it became final and appealable in June 1988 and she cannot obtain reconsideration now.

The entry is:

Judgment affirmed.

All concurring.