WILLIAM B. BONNEY *vs.* LORING FOSS.

*Accession. Estoppel of tenant to deny landlord's title. Ownership of building wrongfully placed on another's land. Rent.*

A tenant remaining in possession after the termination of his lease, and who has not surrendered the premises, nor been evicted by paramount title, is liable for rent.

Where one voluntarily erects a building upon the land of another, without any contract with the owner of the soil, and against his consent, the building becomes a part of the realty. and belongs to the owner of the land.

ON REPORT.

In a real action brought by the present plaintiff against Samuel Morrill, the demandant recovered a small strip of land in Winthrop Village, as appears by the statement of that case and the plan in 52 Maine, 252, where the initial of Mr. Bonney's middle name is erroneously printed H. The two feet claimed in that action were occupied by the underpinning of a building afterward erected by Loring Foss, with the pecuniary assistance of his wife, under authority from Morrill, which when built covered a little more of Bonney's land. When it was determined by the result of the real action that Bonney had the better title, a compromise was effected, as stated in 57 Maine, 369, whereby Foss and his wife took a lease of so much of Bonney's land as was covered by Foss' building for a term of three years from Dec. 1, 1864, paying six dollars and twenty-five cents per quarter, with a proviso "that the said Foss and his said wife may at any time while they continue to pay me the rent as aforesaid, remove so much of said building as now stands on my land at their own expense, and for their own use and benefit at any time during the three years aforesaid, and not afterwards without my consent." This lease commenced with an acknowledgment of the receipt of the stipulated sum for one quarter's rent of the land "and also for rent of so much of said building as is my [Bonney's] property and standing on my land." It was executed by Bonney

Bonney v. Foss.

alone and left with the late F. E. Webb, Esq., for the benefit of both parties, the rent being paid to Mr. Webb, and by him passed over to Mr. Bonney. From the expiration of the lease Foss refused to pay any more rent, claiming that he notified Mr. Webb, at the time of paying it for the quarter ending Dec. 1, 1867, that he should make no more payments; and this action upon an account annexed, for money had and received, and for use and occupation of the premises was instituted to compel the payment of the subsequently accruing rent, at the same rate as previously paid.

All other facts essential to an understanding of the matter are given in the opinion of the court.

*E. Kempton*, for the plaintiff.

Loring Foss, though he had not then the record title, was the party in interest to the former litigation, directed it, and is bound thereby. See Mr. Libbey's testimony, 57 Maine, 370. *Pease v. Whitten*, 31 Maine, 117; *Footman v. Stetson*, 32 Maine, 17. Mr. Morrill has since quitclaimed the premises up to Bonney's line, to Foss; but that does not give him the legal title to so much of this block as is upon Bonney's land; this still remains Morrill's, unless it has become Bonney's property by accession, and operation of law. In any event it does not belong to Foss.

The defendant never having surrendered the premises nor been evicted therefrom, but continuing in the undisturbed occupancy of them cannot dispute our title. *Longfellow v. Longfellow*, 54 Maine, 240, and 61 Maine, 590.

*Baker & Baker*, for the defendant.

Though the result of the former litigation precludes us from claiming the strip of land then in dispute, we are not estopped to set up ownership of the building, the easterly end of which was in good faith, and under an honest belief that Morrill's title covered this spot, placed a few feet over Bonney's line. If put there by a willful trespasser, or with intent to defraud Bonney of his land, the building would become parcel of the realty; on the con-

trary, if put there by consent of the land-owner it would remain the property of Foss. This is neither extreme, but between them; an honest supposition of title to the *locus in quo* and yet no actual right to it, the dispute arising from the plaintiff's neglect to record his deed. *Bonney v. Morrill*, 52 Maine, 252. We can find no adjudicated case identical with this; those most nearly analogous are *Ryder v. Hathaway*, 21 Pick., 298, and *Smith v. Sanborn*, 6 Gray, 134.

If, as counsel say, this end of the building is still Morrill's, Foss is not bound to pay rent because of Morrill's store being on Bonney's land. There is no express promise to pay it, and no proof that anybody has actually occupied this segment of the building; and Mr. Webb, who received the rents of Foss for Bonney, was explicitly notified that the defendant would pay no more, which operated as a determination of the tenancy at the expiration of the lease.

APPLETON, C. J. This is an action of assumpsit to recover the rent of a strip of land three feet and two and a half inches wide in front, three feet eight inches in the rear, and fifty feet deep, with a segment of a building of the same dimensions standing on it, two stories high with no partition between this segment and the other portions of the building.

It seems that the plaintiff and one Morrill were adjacent owners; that a dispute as to boundaries arose between them; that the plaintiff brought a writ of entry in which he recovered the strip of land above described; that the defendant, who claims title under Morrill, commenced digging a cellar upon this strip; that the plaintiff notified him that the digging was upon his land; that the defendant refused to desist; that thereupon the plaintiff commenced the suit before referred to; that the defendant proceeded and erected his building while the suit was pending; that after recovery of judgment the plaintiff commenced an action for mesne profits in which he was not successful, for the reasons stated in 57 Maine, 369; that after the opinion of the court in the first named suit

was announced, the plaintiff and defendant and wife entered into an agreement, by which rent was to be paid for three years for the land and so much of said building as was the plaintiff's property and was standing on his land, with the right of the defendant and wife to remove so much of the building as stood on the plaintiff's land at their own expense, and for their own use and benefit at any time during the three years, and not afterward without the plaintiff's consent. *Bonney v. Morrill*, 52 Maine, 252, and 57 Maine, 369.

The defendant occupied the premises for the term specified and paid the stipulated rent. This action is for rent accruing since the expiration of the term.

The tenant has remained in occupation of the building after the termination of the lease as he was before. He has given no notice to the plaintiff that he intended to terminate such occupation. He has not surrendered the premises nor has he been evicted by a paramount title. Remaining in possession as heretofore, his tenancy must be regarded as continuing and he is liable for rent. *Longfellow v. Longfellow*, 54 Maine, 240, and 61 Maine, 590; *Towne v. Butterfield*, 97 Mass., 105. The tenant is estopped to deny the title of his landlord.

The tenant objects to the payment of any rent for the portion of his store erected by him, and standing upon the plaintiff's land. The defendant was seasonably notified of the plaintiff's title. He refused to yield to the claim, well knowing its existence. He persisted, notwithstanding this notice, in proceeding to erect his store. He has acquired no rights by adverse possession, nor by permission of the plaintiff. The erection of the building under the circumstances, was a plain violation of the plaintiff's rights, and the tenant must abide the legal consequences of his tortious acts.

If one builds with his own materials on the land of another, without and against the consent of the latter, the house belongs to the owner of the soil; for in this case, the builder is presumed intentionally to have transferred his property in the materials to the owner of the soil. Broom's Legal Maxims, 296. Buildings

Bonney *v.* Foss.

erected on the land of another, voluntarily, and without any contract with the owner, become part of the real estate and belong to the owner of the soil.   *Washburn v. Sproat,* 16 Mass., 449 ; *Pierce v. Goddard,* 22 Pick., 559 ; *First Parish in Sudbury v. Jones,* 8 Cush., 189.   The general rule is that whatever is affixed to the realty is thereby made parcel thereof, and belongs to the owner of the soil.   The tenant brings himself within none of the exceptions to the general rule.   Such is the rule of the civil law as stated by Gaius in his commentaries, Lib. 11, § 73 ; *"Praeterea, id quod in solo nostro ab aliquo aedificatum est, quamvis ille suo nomine aedificaverit, jure naturali nostrum fit, quia superficies solo cedit."*   Again, a building erected on my soil, though in the name and for the use of the builder, belongs to me ; for the ownership of a superstructure follows the ownership of the soil.

The tenant has no right to the building, as a fixture which is removable.   He was a trespasser in its erection.   He has no betterment rights.   He has acknowledged the title of the plaintiff. He has neglected to remove the building in accordance with the license given him.   It has become the property of the plaintiff, and its value must be considered in estimating the plaintiff's rent.

The plaintiff having recovered judgment against Morrill, whose title the defendant has subsequently acquired, the latter can be in no better situation than his grantor.   As Morrill would, by the judgment against him, be precluded from asserting any property in the building, so equally is his grantee.   *Dock v. Wiswell,* 33 Maine, 355.          *Judgment for the plaintiff.*

*Damages to be assessed at Nisi Prius.*

CUTTING, DICKERSON, BARROWS, DANFORTH and VIRGIN, JJ., concurred.