# Eber J. Chapin *et al.*

## *v.*

## Eliza Foss.

1. Party at law — *having legal title may sue.* When real estate is de-vised to a party, such party may maintain an action in his individual name for the use and occupation of the premises, although he may hold the property as trustee. It is no concern of the defendant in what capacity he sues. If the plaintiff is trustee he must account for the proceeds re-covered.

2. Use and occupation — *as between tenants in common.* To render one co-tenant liable to another for rent for use and occupation, there must be something more than an occupancy of the estate by one and forbearance to occupy by the other.

3. When a firm occupies premises belonging to two of its members as tenants in common, and pays rent to them for its use, this will create the relation of landlord and tenant ; and if, after the death of one of the owners, the remaining members of the firm continue such occupation, it will be presumed, in the absence of notice to the contrary, that the relation con-tinues, and the firm will be liable to pay the devisee of the deceased land lord for the use and occupation of his undivided half of the premises with-out an express promise to that effect.

APPEAL from the Circuit Court of Cook county; the Hon. HENRY BOOTH, Judge, presiding.

Messrs. GRANT & SWIFT, for the appellants.

Messrs. HERVEY, ANTHONY & GALT, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action for use and occupation, brought by Eliza Foss, the appellee, against Robert H. Foss and Eber J. Chapin, the appellants, to recover rent from March 24, 1870, to July 1, 1872, for a lot of land in the city of Chicago, upon the northeast corner of Van Buren and Canal streets, used by the defendants as a lumber yard.

The material facts are as follows: For a long time prior to March 24, 1870, appellants, and Samuel T. Foss, the deceased husband of appellee, composing the firm of Chapin & Foss, occupied for a lumber yard the premises described. Samuel T. Foss died March 24, 1870. The firm continued in the occupation of the premises up to the death of Samuel T., and appellants, the surviving members of the firm, continuing the same business under the same firm name, also continued uninterruptedly the occupation of said premises for the purposes of such business until subsequent to July 1, 1872. At the time of the death of said Samuel T., he and Robert H. Foss, his brother, one of appellants' firm, were, and for about six years before had been, the owners as tenants in common of the premises, each owning an undivided half; and from the time that they became such owners up to the time of the death of Samuel T. the firm of Chapin & Foss allowed to Samuel T. and Robert H. rent for the premises at the rate of $4,000 a year.

Before his death, Samuel T. Foss made a will, whereby he devised all his real estate to his wife, the appellee, to have and to hold the same, and to be under her sole and exclusive management and control, until his youngest child should attain

36—75TH ILL.

282 CHAPIN *et al. v.* FOSS. [Sept. T.

Opinion of the Court.

the age of majority, and then to be equally divided between the children, subject to the dower of the wife.

The plaintiff below recovered a verdict and judgment for $6,875, and the defendants appealed to this court.

The first position of appellants is, that appellee has no right, in her individual capacity, to bring the suit.

There can be no question that the will devises to appellee the legal estate in the premises until the majority of the youngest child. To what extent she takes it in her own right, or whether she takes solely as trustee, we do not deem it necessary to inquire.

For, if appellee were but a trustee, as the rent for which the suit is brought accrued wholly after the death of the testator, and she was the legal owner, we do not conceive that she would be obliged to sue *as* trustee, but that she may bring the action in her own name merely, though the proceeds of the suit must, if she is a trustee, be added to the trust estate. We do not perceive that it would affect the defense, or concern the defendants, in which capacity she sued.

Appellants' next position is, that whatever the estate appellee took under the will, she was a tenant in common with Robert H. Foss, one of the appellants, and that one tenant in common cannot sue a co-tenant for use and occupation of the premises, where, as in this case, there was no ouster or express agreement to pay rent.

It is true, that to render one co-tenant liable to another for rent, or for use and occupation, there must be something more than an occupancy of the estate by one and forbearance to occupy by the other.

But there can be no question that one tenant in common may make a lease to his co-tenant. Woodf. Landl. & Ten., p. 6, § 4.

The testimony that Chapin and Foss, for six years next prior to the death of Samuel T. Foss, occupied the premises and allowed him and Robert H. Foss rent therefor at the rate of

$4,000 a year, $2,000 to each, was sufficient to establish a contract for the lease of the premises by Samuel T. and Robert H. Foss to Chapin & Foss, and the existence of the relation of landlord and tenant between Samuel T. and Robert H. Foss, and each of them, and the old firm of Chapin & Foss. If the relation of landlord and tenant has been once established, and the occupancy by the tenant has continued uninterruptedly, in the absence of notification to the landlord by the tenant that he ceases to occupy as tenant, and claims to occupy under some other right, it must be held that the tenancy once established has continued.

We do not perceive that the death of Samuel T. Foss should of itself work a change of the relation. The devise transferred the ownership of the estate to the devisee. She was substituted in the place of the devisor. The benefit of any existing lease, with the right to any rent to accrue, passed to her as incident to the reversion. There was no other change in the firm of Chapin & Foss than that Samuel T. Foss had ceased to be a member of it. The surviving members of the firm continued the same business, under the same firm name, and continued without interruption the occupancy of the same premises. It would seem that the same relation of landlord and tenant that existed at the time of the death of Samuel T. Foss was continued, Eliza Foss and Robert H. Foss being afterward the landlords, and the new firm of Chapin & Foss being the tenants.

No indication whatever has ever been given by any of the parties that they consider that their relations have changed.

But, on the contrary, the plaintiff's testimony showed that, on repeated applications to appellants for the payment of rent, they both admitted they were tenants of the plaintiff, and their liability for rent, and made no question except as to the amount due, they claiming a set-off.

A tenant remaining in possession after the termination of his lease, and who has not surrendered the premises, nor been

evicted by paramount title, is liable for rent.	*Bonney* v. *Foss,*
62 Me. 248.

We do not see why the same principle should not apply
here, and make appellants liable for rent to appellee by virtue
of the former tenancy to Samuel T. Foss. If that term is
unexpired, then the liability is to her as devisee; if the term·
has ended, then the liability is by reason of the occupation
under the circumstances detailed.

We do not consider, as claimed by appellants' counsel, that
to render one co-tenant liable to another for rent there must be
an *express* agreement to pay rent.

The contract may be expressed or implied in this case as well
as any other, the only difference being that the relation of land-
lord and tenant would not be so readily inferred from occupa-
tion in the case of a co-tenant as in that of a stranger. Whether
the relation of landlord and tenant was established and existed
between appellee and appellants during the time for which rent
was claimed, was a question of fact for the jury. We think the
evidence was sufficient to warrant the jury in finding the exist-
ence of such relation, and that to maintain the action it was
enough to establish such a relation between the parties.

The following instruction, as modified by the court, was
given to the jury on behalf of the defendants below:

"The jury are instructed, as a matter of law, that if you be-
lieve from the evidence in this case that the plaintiff in this case,
Eliza Foss, was the wife of Samuel T. Foss, and that Samuel T.
Foss was, in his lifetime, a partner in business with the de-
fendants in this case, and that said Samuel T. Foss was, in his
lifetime, owner of an undivided half of the property in question,
in common with the defendant, Robert H. Foss, who owned the
other undivided half; and that at the time of his death Samuel
T. Foss devised his interest in the same to the plaintiff, Mrs.
Eliza Foss, then Mrs. Eliza Foss became owner of an undivided
half, in common with the defendant, Robert H. Foss; and if
such co-owner with said defendant, then the plaintiff cannot

recover of the defendants in this case for the use and occupation; and your verdict must be for the defendants, unless you also find from the evidence that, as to the undivided half of said premises so owned by the said plaintiff, the defendants were tenants of said plaintiff, holding and occupying such undivided half under her, as her tenants, after the decease of her said husband."

We are of opinion that this instruction properly gave the law of the case to the jury; that the other instructions asked by the defendants and refused did not agree therewith; that the one given for the plaintiff did; hence we perceive no error, as complained of, in the giving or refusing of instructions.

Finding no error in the record, the judgment is affirmed.

*Judgment affirmed.*