## WILLIAM H. SCONCE
### v.
## DAVID A. F. SCONCE.

1. WHERE ACCOUNTS ARE COMPLICATED, REFERENCE TO MASTER.—Where, as in this case, the accounts consist of many items covering a great length of time, it is error in the court to proceed to a final hearing until an account has been stated by the master, and exceptions thereto, if any, have been heard and settled by him.

2. Tenants in common.—As between co-tenants, where there is no disseizin, it is error to charge a co-tenant not only with what he received or realized, but for what he could have realized by prudent management of the property.

3. Co-tenants, when liable for rent.—To render one tenant in common liable to another for rent, or for use and occupation, there must be something more than an occupancy of the estate by one, and forbearance to occupy by the other.

4. Co-tenants—Occupation and cultivation of vacant and unoccupied lands.—Where one tenant in common enters upon vacant and unoccupied lands, and by his own labor and money reduces the same to cultivation, and without renting or ever having received rent therefor, occupies and cultivates the same without objection, if liable at all, it is only for a share of the actual profits made from the use of the premises after deducting taxes paid, the costs of improvements, and all other expenses.

Appeal from the Circuit Court of Vermilion county; the Hon. J. W. Wilkin, Judge, presiding. Opinion filed July 3, 1884.

Mr. W. R. Lawrence, for appellant; that appellant is not liable for rent, cited Chapin v. Foss, 75 Ill. 280; Sargent v. Parsons, 12 Mass. 149; Calhoun v. Curtis, 4 Met. 413; 1 Washburn on Real Property (3d Ed.), 570; Dixon v. Niccolls, 39 Ill. 372; Crosby v. Loop, 13 Ill. 625; Coke's Littleton, 317a; Gilbert on Rents, 173.

Messrs. Mann, Calhoun & Frazier, for appellees; cited Chambers v. Jones, 72 Ill. 275; Mahoney v. Mahoney, 65 Ill. 406; Roberts v. Beckwith, 79 Ill. 246.

Higbee, P. J. On a bill filed for partition of lands between tenants in common, it became necessary on the hearing to state an account of the rents, issues and profits received by one of the parties from the exclusive use of the premises for twenty-six years, and to ascertain and deduct therefrom taxes paid and the value of improvements made during his occupancy. The trial court found that after deducting the amount of taxes paid by appellant and the value of the improvements made by him, he had received the sum of $2,222.98 more than his just proportion on account of rents and profits. The evi-

dence upon which this finding was based is contained in the record, but we are wholly unable to see from it how the court reached its conclusions.   The case was not referred to the master nor was any account stated by the court from which we can see what items were allowed and what rejected.   Where, as in this case, the accounts consist of many items covering a great length of time, it is error in the court to proceed to a final hearing until an account has been stated by the master, and exceptions thereto, if any, have been heard and settled by him.   Brockman v. Aulger, 12 Ill.  277; Sallee v. Morgan, 67 Ill. 376; Danforth v. McIntyre, 11 Bradwell, 417.

While we are unable to discover from the record just what rule was adopted by the court in reaching its conclusions, it seems probable that appellant was charged not only with what he received or realized, but for what he could have realized by prudent management of the property.   This may be the correct rule in cases of wrong-doers, but as between tenants in common when there is no disseizin it is not.   In tenancies of this character, each has an equal right to the possession of every part and parcel of the subject-matter of the tenancy, and one tenant, whether in possession or not, owes no duty to his co-tenant which requires him to improve, cultivate or rent the premises.   The utmost that can be said is, that when he does receive rents or profits arising from use and occupation, he is required to account for them.   To render one tenant in common liable to another for rent or for use and occupation, there must be something more than an occupancy of the estate by one, and forbearance to occupy by the other.   Chapin et al. v. Foss, 75 Ill. 280.   Neither can make improvements on vacant land at the expense of the other without his consent.   But when one tenant in common does enter upon vacant and unoccupied lands, and by his own labor and money reduces the same to cultivation, and without renting or ever having received rent therefor, he occupies and cultivates the same without objection, if liable at all, it is only for a share of the actual profits made from the use of the premises after deducting taxes paid, the costs of improvements, and all other expenses.   And in this case, unless at the time the bill was filed there was a bal-

ance due appellees which appellant had realized from the use of the joint property, after deducting all just charges, they were entitled to no decree, and this can only be ascertained when a proper account shall have been stated between them. Freeman on Co-Tenancy, § 277.

Decree reversed and cause remanded.