**Barbara M. KLOPP**

v.

**Donald W. KLOPP.**

Supreme Judicial Court of Maine.

Submitted on Briefs Sept. 6, 1991.
Decided Oct. 28, 1991.

Peter J. DeTroy, III, Norman, Hanson & DeTroy, Portland, for plaintiff.

E. Stephen Murray, Murray, Plumb & Murray, Portland, for defendant.

---

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

McKUSICK, Chief Justice.

On her post-judgment motion filed 12½ years after her divorce from defendant Donald Klopp, Barbara Klopp seeks an increase in the alimony fixed in the divorce judgment entered by the District Court (Brunswick, *Spill, J.*) in 1976. Barbara appeals from the affirmance by the Superior Court (Cumberland County, *Perkins, J.*) of the decision of the District Court (Brunswick, *MacDonald, A.R.J.*) denying her motion to modify the divorce judgment. Because we find clear error in the court's finding that there was no material change of circumstances, we direct the District Court judgment be vacated and we remand to the District Court for further proceedings.

The parties were married in 1956 and divorced in 1976. The divorce judgment incorporated an agreement of the parties that Barbara would have the custody of their three minor children and that Donald would pay a sum representing both alimony and child support of $16,200 per year, payable in monthly installments of $1,350. The judgment further ordered that as each of the children reached the age of eighteen, Donald's monthly payment would be reduced by $300. By the divorce judgment Barbara also received a Mercedes automobile and the family home and associated acreage on Orr's Island subject to a $110,000 real estate mortgage.

Donald reduced his monthly payment to $1,050 when the eldest child turned eighteen. Thereafter, he continued to pay Barbara $1,050 per month even after the second child turned eighteen. In 1988, however, following an audit by the Internal Revenue Service and the third child's reaching majority, he reduced his monthly payment to $450 representing alimony alone in accordance with the divorce agreement. Barbara thereupon filed her present motion seeking an increase in alimony.

The District Court held that Barbara had failed to establish the material or substantial change of circumstances necessary to justify an increase in alimony because Donald's "circumstances have changed ... no more than might be expected considering his position and earning power." Barbara appealed to the Superior Court, which affirmed. On her further appeal to this court, we review directly the District Court's decision denying her motion for an increase in alimony. *See Williams ˙ v. Williams,* 444 A.2d 977, 978–79 (Me.1982).

A. *Circumstances of the Payee Spouse*

After the parties' divorce Barbara generated income by developing and selling the property on Orr's Island. By 1989, she had sold all of her Orr's Island property as well as a home in Rockland and property in Camden that she had purchased with the proceeds from the sale of the Orr's Island property. She lives in a rented cottage at Owl's Head on cash receipts of $1,350 per month, derived from a $900–per–month payment on a mortgage that she took back on the sale of her Rockland home and from the monthly alimony of $450 paid by Donald. Although she obtained a real estate broker's license in 1987, she has not in fact sold any property other than her own.

B. *Circumstances of the Payor Spouse*

At the time of the divorce judgment in 1976, Donald was employed as an anesthesiologist by Maine Medical Center in Portland. He was appointed to the position of chief anesthesiologist in 1978 and held it for ten years. He continues to serve as an anesthesiologist at the Medical Center. In 1976 his annual income was $61,000 and he did not have assets of any significance after the divorce. His gross income for 1989 was in excess of $289,000, and he and his second wife have acquired assets worth at least $900,000, including two homes, a condominium, a powerboat, a sailboat, and a number of automobiles. Against those assets, he estimates his outstanding liability at about $500,000.

C. *Merits of the Appeal*

For a modification of a divorce judgment, the moving party must show a substantial change of circumstances since the divorce. *See Williams v. Williams,* 444 A.2d at 980. When the payee is seek-

ing an increase in alimony, that change of circumstances may consist of an increase in the payor's capacity to pay or in the payee's need for support or both. *See id.* A payee who seeks modification because of a change in the payor's capacity to pay, although not required to show a change in the payee's need for support, must show the level of the payee's continuing need. *See Bridgwood v. Bridgwood,* 538 A.2d 286, 287 (Me.1988). In the case at bar Barbara has made that showing. The only real issue here is whether Donald's financial circumstances represent a substantial change from those that formed the baseline for the parties' agreement, and for the divorce court's order, setting the amount of alimony in 1976. The question becomes what was that 1976 baseline. To answer that question, we start with the well-established proposition that alimony must be "reasonable both in amount and in the method of payment giving regard to the situation, *both at present and for the foreseeable future* of both spouses." *Bryant v. Bryant,* 411 A.2d 391, 395 (Me.1980) (emphasis added). Thus the baseline includes whatever future circumstances were both foreseen and probably provided for in the amount of alimony originally set. *See* 24 Am.Jur.2d *Divorce and Separation* § 712, at 701–02 (1983). On a subsequent motion for modification of the divorce judgment, the court necessarily will apply a rule of objective reasonableness in determining the baseline: What future circumstances of the parties is it objectively reasonable to assume the divorce court both foresaw and took into account in setting alimony?

On that question, as on all other questions arising on a motion for modification of alimony, we will accord unusual deference to the finding of the trial court. *See Williams v. Williams,* 444 A.2d at 980. "Absent a violation of some positive rule of law, this Court will overturn the trial court's decision of such a question only if it results in a plain and unmistakable injustice, so apparent that it is instantly visible without argument." *Smith v. Smith,* 419 A.2d 1035, 1038 (Me.1980).

The case at bar presents precisely the occasion when the District Court's finding that there is no substantial change of circumstances does result in a plain and unmistakable injustice that is instantly visible without argument. The court heard no evidence that rationally supports a conclusion that either the parties' agreement or the divorce judgment adopting it contemplated that alimony of only $450 per month would adequately reflect that Donald's 1976 income would increase by a multiple of 4.74. The obvious disproportion between the alimony and Donald's income is obvious, even considering the other property received by Barbara in the divorce settlement. The only relevant evidence before the court on the expectations of the parties at the time of the divorce was Donald's testimony that he had been told by some members of the Maine Medical Center search committee that he would be appointed to the position of chief anesthesiologist. The record does not establish the salary of the chief anesthesiologist in 1976 and thereafter. It is simply unbelievable on its face that alimony of $450 per month was set in 1976 to be binding for all time, even though Donald's income went from $61,000 to $289,000 per year. The motion court's finding goes beyond what is objectively reasonable to assume the parties and the divorce court in 1976 foresaw and took into account in setting alimony.

The District Court must reconsider Barbara's motion to increase alimony in light of the principles here enunciated. That reconsideration will proceed on the basis of the existing record updated as desired by the parties to show their current financial circumstances.

The entry is:

Judgment of the Superior Court vacated. Remanded to the Superior Court with instructions to vacate the judgment of the District Court and remand to the District Court for further proceedings consistent with the opinion herein.

All concurring.