Madeline A. SCHULTZ

v.

Roger H. DELLAIRE.

Supreme Judicial Court of Maine.

Submitted on Briefs May 17, 1996.

Decided June 18, 1996.

Kevin L. Stitham, C.W. & H.M. Hayes, Dover–Foxcroft, for Plaintiff.

Jonathan B. Huntington, Eaton, Peabody, Bradford & Veague, P.A., Dover–Foxcroft, for Defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, DANA, and LIPEZ, JJ.

GLASSMAN, Justice.

Roger H. Dellaire appeals from the judgment entered in the Superior Court (Piscataquis County, *MacInnes, A.R.J.*) affirming the judgment of the District Court (Dover–Foxcroft, *Gunther, J.*), denying his motion to terminate his obligation to pay alimony to Madeline A. Schultz on the ground of her remarriage. We affirm the judgment.

Madeline and Roger were married in July 1967. Following a hearing on the complaint for a divorce filed by Madeline in July 1989, at which both parties were present, and the parties having submitted to the court a settlement agreement signed by both parties, on October 5, 1989, the trial court (*Calkins, J.*) issued its judgment, providing in pertinent part: "Defendant is ordered to pay Plaintiff the Sum of Seventy–Five Dollars ($75.00) per week as alimony until her demise." In December 1993, Roger filed the present motion seeking, *inter alia,* to amend the divorce judgment by deleting his obligation to pay alimony to Madeline on the ground that there had been a significant change in the circumstances of the parties in that both parties had remarried, Madeline's income had increased and Roger's income had decreased. Following a hearing on the motion, the trial court denied the requested amendment. After a hearing on his appeal to the Superior Court, a judgment was entered affirming the judgment of the District Court, and Roger appeals.

Roger contends the trial court erred by its determination that he had a continuing obligation to pay alimony to Madeline following her remarriage. He argues that the court's determination violates the positive rule of law articulated in *Bubar v. Plant,* 141 Me. 407, 44 A.2d 732 (1945), that remarriage of a divorced wife establishes a *prima facie* case requiring the termination of alimony absent some extraordinary

circumstance justifying its continuance. We disagree. When, as here, the Superior Court acts as an intermediate appellate tribunal, we review the record before the District Court to determine whether it contains any error of law or abuse of discretion that affects the validity of its judgment. *Ringuette v. Ringuette,* 594 A.2d 1076, 1078 (Me.1991).

 The law is well established that one seeking the modification of an alimony award provided in a divorce judgment bears the burden of establishing the substantial change in circumstances justifying the modification. *See, e.g., Williams v. Williams,* 444 A.2d 977, 980–81 (Me.1982). The plurality of considerations involved in evaluating a motion for the modification of alimony require that we give unusual deference to the findings of the trial court. *Id.* at 980. Absent a violation of a positive rule of law, we will overturn the trial court's decision only if it results in such a plain and unmistakable injustice as to be instantly visible without argument. *Klopp v. Klopp,* 598 A.2d 462, 464 (Me.1991).

The authority of the trial court as it relates to alimony is governed by 19 M.R.S.A. § 721 (Supp.1995). Section 721(1)(A)–(O) sets forth the factors for the court's consideration when determining an award of alimony.[1] Section 721(5) provides in pertinent part that "[t]he court, at any time, may alter or amend a decree for alimony ... when it appears that justice requires it.... In making any alteration or amendment, the court shall consider the factors listed in subsection 1." Nothing in section 721 limits the court "by full or partial agreement of the parties or otherwise, from awarding alimony ... or otherwise limiting or conditioning the alimony award in any manner or term that the court considers just." 19 M.R.S.A. § 721(7). We have previously stated that the provisions of section 721

> make[ ] clear that under appropriate circumstances (one of which may be the agreement of the parties) the court may deem it just to decree that alimony continue past remarriage. Such a considered determination by the court is the statutory equivalent of an extraordinary circumstance, within the meaning of *Bubar,* justifying the continuance of alimony.

*Raymond v. Raymond,* 447 A.2d 70, 71 (Me. 1982).

In the present case, we note in the first instance that because Roger has not provided us with either a transcript of the hearing on his motion to amend the divorce judgment or a statement in lieu thereof, we do not know what evidence was presented. Accordingly, we must assume the evidence adduced at the hearing supports any findings by the trial court and its decision is supported by the record generated before it. *Giberson v. Quinn,* 445 A.2d 1007, 1010 (Me.1982) (citations omitted). The record before us reflects: The divorce judgment, *inter alia,* providing the award of alimony to Madeline, was entered after a full hearing before the court, at which both parties were present, and following the filing of their signed settlement agreement. After a hearing on Roger's present motion to amend the divorce judgment, a judgment was entered denying the motion. Thereafter, in compliance with M.R.Civ.P. 52, Roger filed a motion for findings of fact and conclusions of law. The court adopted six of his seven proposed findings, including: (1)

---

1. The factors set forth in 19 M.R.S.A. § 721(1) (Supp.1995) are as follows:
 A. The length of the marriage;
 B. The ability of each party to pay;
 C. The age of each party;
 D. The employment history and employment potential of each party;
 E. The income history and income potential of each party;
 F. The education and training of each party;
 G. The provisions for retirement and health insurance benefits of each party;
 H. The tax consequences of the division of marital property, including the tax consequences of the sale of the marital home, if applicable;
 I. The health and disabilities of each party;
 J. The tax consequences of an alimony award;
 K. The contributions of either party as homemaker;
 L. The contributions of either party to the education or earning potential of the other party;
 M. Economic misconduct by either party resulting in the diminution of marital property or income;
 N. The standard of living of the parties during the marriage; and
 O. Any other factors the court considers appropriate.

Madeline "continues to be employed … as she was before the divorce in housekeeping work. In addition, she now works at a store owned by her new husband's daughter"; (2) Roger "continues to be employed as a lineman for Central Maine Power, as he was at the time of the divorce, with earnings at a similar or slightly decreased level"; and (3) Roger "has continued to pay alimony without interruption pursuant to the judgment, at all times." The court also found that Madeline's remarriage did not affect her right to receive alimony from Roger.

On this record, we find no error or abuse of discretion in the trial court's denial of Roger's motion to amend the divorce judgment.

The entry is:

Judgment affirmed.

All concurring.