1997 ME 26

## Walter EASTMAN

v.

## Gloria EASTMAN–VERES.

Supreme Judicial Court of Maine.

Submitted on Briefs Dec. 20, 1996.

Decided Feb. 18, 1997.

---

Daniel P. Barrett, Cloutier, Barrett, Cloutier & Conley, Portland, for plaintiff.

Gloria Eastman–Veres, South Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

DANA, Justice.

[¶ 1] Walter Eastman and Gloria Eastman–Veres both appeal from a judgment entered in the Superior Court (Cumberland County, *Fritzsche, J.*) denying their motions to modify their divorce judgment (Cumberland County, *Scolnik, J.*). Walter contends that the parties' financial circumstances do not support the court's order that he continue to pay alimony, medical expenses, and the taxes and insurance on Gloria's home. Gloria asserts that the court erred when it refused to increase Walter's alimony obligation, order Walter to pay more than $10,000 for her future surgery, and award her more than $500 in attorney fees. We affirm the judgment.

[¶ 2] Walter and Gloria Eastman obtained a divorce in 1979 after 24 years of marriage. The court ordered Walter to pay Gloria alimony of $65 per week. The court awarded Gloria a life estate in their home together with a three-fifths interest in the remainder. Walter was awarded a two-fifths interest in the remainder and was required to continue making mortgage payments of $132 per month, that included the taxes and insurance on the home, as part of his alimony obligation. The divorce judgment also required Walter "to pay all future reasonable medical, dental, hospital and optometric expenses of Mrs. Eastman."

[¶ 3] Walter remarried shortly after the divorce. He worked as the general manager of a retail establishment in Portland until 1994 when, on the death of the owner, Walter lost his job. He was 61 years old and did not seek employment elsewhere.

[¶ 4] Gloria works as a volunteer driver for several state agencies and receives mileage reimbursements of $200 to $400 per week. Over the past two decades, Gloria has dealt with a condition called tardive dyskinesia and has sought medical treatment that has included dental implants and surgery. Her physicians estimate that she will need to spend approximately $12,000 to complete her treatment, and she has an outstanding bill of $5,000 for past surgery. Although Walter acquired medical insurance for Gloria and pays the monthly premiums of approximately $300, the insurance will not cover much of the treatment costs. Gloria has also spent approximately $5,000 on miscellaneous expenses related to medical care over the last few years.

[¶ 5] Walter has made the alimony payments as required by the divorce judgment in 1979. He satisfied the debt secured by the mortgage on the home in 1986, but continues to pay the real estate taxes, insurance, and sewerage assessments.

[¶ 6] In 1994 Gloria filed a motion to enforce and modify the divorce judgment. Walter responded by moving for the modification of some of his obligations and the termination of others. The court determined that Walter was not entitled to a reduction in alimony and that his satisfaction of the mortgage debt did not discharge Walter from his obligation to pay the taxes and insurance on the residence. As for Gloria's medical expenses, the court held Walter responsible for paying the $5,000 bill for her past dental surgery and $10,000 towards her future surgery. The court declined to order Walter to pay $5,000 for Gloria's out-of-pocket expenses because there was no evidence that they were medically reasonable. Finally, the court ordered Walter to pay $500 toward's Gloria's attorney fees. Both Walter and Gloria appeal the judgment.

### I.

[¶ 7] Walter contends that the court erred when it refused to terminate or reduce his alimony obligation, including his duty to pay the taxes and insurance on Gloria's residence and Gloria's medical expenses. He also argues that the court erred in including his second wife's contribution to their joint savings when it evaluated his financial condition. Gloria asserts that the court erred by not increasing Walter's monthly alimony obligation.

[¶ 8] 19 M.R.S.A. § 721 (Supp.1996) provides the factors that the court must consider when determining whether a modification of alimony is appropriate. These factors include: "[t]he ability of each party to pay; ... [t]he age of each party; ... [t]he income history and income potential of each party; ... and ... [a]ny other factors the court considers appropriate." 19 M.R.S.A. § 721(1), (5). The party seeking a modification bears the burden of establishing a substantial change in circumstances justifying the modification. *Schultz v. Dellaire*, 678

A.2d 46, 47 (Me.1996) (citation omitted). We defer to the discretion of the trial court on a motion for alimony modification and, absent a violation of some positive rule of law, "will overturn a trial court's decision only if it results in such a plain and unmistakable injustice as to be instantly visible without argument." *Id.* (citation omitted).

[¶ 9] Although Walter's circumstances have changed because he is near retirement age and is no longer working, the record shows that he has savings of approximately $240,000. He receives social security benefits of $975 per month and he testified that his and his second wife's savings provide interest income of approximately $11,000 per year. Gloria, on the other hand, is entitled to social security benefits and nets approximately $200 per week from her driving job, but has no assets except for her sixty percent share in the house.

[¶ 10] Walter asserts that the court erred by considering his second wife's share of their combined savings when determining his ability to pay alimony. We disagree. A recipient spouse's remarriage is relevant to the court's determination of the recipient's continuing need for alimony from the former spouse. *E.g. Schultz*, 678 A.2d at 48. Similarly, the court may consider the contribution of the payor's new spouse to the couple's financial situation and its affect on their overall financial condition. *Page v. Page*, 219 N.W.2d 556, 558 (Iowa 1974) (although payor's new spouse has no obligation to pay alimony, court may consider the payor's overall financial condition which includes new spouse's employment and contribution of money to the family). There is no evidence that Walter's second wife's earnings are being used to pay Gloria's alimony.

[¶ 11] The court's refusal to modify Walter's alimony obligation does not result in an injustice that is instantly visible without argument. There is competent evidence in the record to support the court's finding that the parties' circumstances do not justify a modification of alimony.

### II.

[¶ 12] Gloria contends that the court erred when it failed to order Walter to

pay her more than $10,000 for her future surgery and did not require him to pay $5,000 for out-of-pocket expenses associated with her past medical treatment. We disagree.

· [¶ 13] The trial court determined that Gloria's future surgery is "medically reasonable but that the cost is extremely high[,]" and that Walter cannot pay more because "he is retired and no longer has any earned income." As for Gloria's out-of-pocket expenses, the court concluded that there was insufficient evidence to establish that the expenses were medically reasonable. These findings are not clearly erroneous. The record provides competent evidence to support the court's conclusion that Walter does not have the ability to pay more than $10,000 towards Gloria's future medical expenses. Furthermore, the only evidence presented at the trial regarding Gloria's out-of-pocket expenses was her canceled checks; nothing in the record shows the medical treatment to which those payments related. The court, therefore, did not err in finding that there was insufficient evidence showing Gloria's expenses were medically reasonable.

### III.

■ [¶ 14] Gloria contends that the court erred when it refused to order Walter to pay more than $500 for her attorney fees. We disagree. The court declined to award her more because it concluded that "she has created much of the extra complexity and costs of pretrial discovery" and because the court ordered Walter to pay significant amounts of alimony, household expenses, and medical fees. 19 M.R.S.A. § 721(2) provides that "[t]he court may order either party to pay the costs and attorney's fees of the other party in the defense or prosecution of a divorce." We will not disturb a court's award of attorney fees unless the trial court abused its discretion in setting the amount. *Harding v. Murray*, 623 A.2d 172, 177 (Me. 1993). There is nothing in the record to establish that the trial court abused its discretion in refusing to award Gloria more than $500 in attorney fees.

### IV.

[¶ 15] Gloria contends the court erred by refusing to order a continuance when one of the witnesses she subpoenaed refused to appear. Gloria's argument is unavailing because she withdrew her request for a continuance during the hearing. Her withdrawal of her request for a continuance precludes her from arguing on appeal that she was entitled to one. *See Parker–Danner Co. v. Nickerson*, 554 A.2d 1193, 1195 (Me.1989) (requirement of preservation of claimed trial error is essential to asserting error on appeal).

The entry is:

Judgment affirmed.