1998 ME 67

**Edward ST. HEART**

v.

**Katherine ABBOTT, formerly known as Katherine St. Heart.**

Supreme Judicial Court of Maine.

Submitted on Briefs March 13, 1998.

Decided March 27, 1998.

Harold C. Hamilton, II, Logan, Kurr & Hamilton, Bangor, for plaintiff.

Joel A. Dearborn, Ferris, Dearborn & Willey, Brewer, for defendant.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, DANA, LIPEZ, and SAUFLEY, JJ.

ROBERTS, Justice.

[¶ 1] Katherine Abbott appeals from the judgment entered in the Superior Court (Penobscot County, *Atwood, J.*) affirming a decision of the District Court (Bangor, *Anderson, J.*) on her appeal and vacating a decision of

the District Court (*Russell, J.*) on Edward St. Heart's cross-appeal. Abbott contends that the District Court erred by finding that a provision in the divorce judgment was intended to be an award of alimony. St. Heart challenges the District Court's refusal to terminate the alimony award. We vacate the judgment of the Superior Court and affirm both decisions of the District Court.

[¶ 2] In 1986 the District Court (*Cox, J.*) granted Edward St. Heart a divorce from his wife, Katherine, on the grounds of irreconcilable marital differences. The divorce judgment contained the following provision regarding the marital home, including the disputed provision for weekly payments that was added by agreement of the parties:

> IT IS HEREBY ORDERED that said real estate be and hereby is conveyed to ... [Abbott] by virtue of this decree and ... [she] shall assume liability for the Maine National Bank mortgage payment and hold [St. Heart] harmless in regard to same. Provided, however, that [Abbott] shall pay to [St. Heart] the sum of Five Thousand Dollars ($5,000.00) for his interest in said property. Said $5,000.00 to be paid within two weeks after this decree becomes final. [St. Heart] shall be responsible for all mortgage payments that are in arrears at the time of the decree. The parties shall each pay 50% of any real estate tax bill that is in arrears at the time of the divorce. *[St. Heart] shall further pay to [Abbott] $100 per week from January 20, 1994 to September 15, 1995.*

(Emphasis added.)

[¶ 3] In March 1994 Abbott filed a motion for contempt because St. Heart had failed to make the weekly payments. In response, St. Heart filed a motion to modify the alimony award. He contended that since their divorce Abbott had remarried and that alimony payments were no longer necessary.

[¶ 4] In December 1994 the court (*Anderson, J.*) determined that the provision in question is ambiguous and that extrinsic evidence shows that the parties intended the payments to be alimony. The court also found that the payments were to commence

when child support ceased and were to end after the last mortgage payment was due. The court concluded that the payments were designed "to provide assistance to [Abbott] in meeting her mortgage obligations." The court therefore ordered a hearing on St. Heart's motion to modify the alimony award and on Abbott's motion for contempt.

[¶ 5] At the hearing Abbott acknowledged that her present husband provided $4,859.63 to pay off the mortgage, apparently to facilitate Abbott's subsequent transfer of the house to her and her husband in joint tenancy. She also testified that although she remarried in 1991, she and her husband did not live together or share living expenses until July 1995. The court (*Russell, J.*) concluded that St. Heart was in contempt for failing to make the payments after the December 1994 order of the court and fined him $3,000, all suspended.[1] The court, however, modified the alimony award to terminate on July 5, 1995, the day that Katherine began living with her husband. Abbott appealed the first decision of the District Court and St. Heart appealed the second decision of the District Court to the Superior Court, which affirmed the first decision, but vacated the second. The Superior Court concluded that St. Heart was responsible for the payments only from January 20, 1994, to March 21, 1994, the day he filed his motion to terminate the alimony payments. This appeal followed.

[¶ 6] When the Superior Court acts as an intermediate appellate court, we review directly the record before the District Court to determine if there was any error of law that affected the validity of the judgment. *Page v. Page*, 671 A.2d 956, 957 (Me. 1996). Contrary to Abbott's contentions, the provision in question is ambiguous and the court properly considered extrinsic evidence to determine whether the provision was intended to be an alimony award. *MacDonald v. MacDonald*, 582 A.2d 976, 977 (Me.1990). Moreover, the court's finding that the provision was intended to be an alimony award is consistent with the language of the judgment

---

1. St. Heart does not challenge the court's imposition of the fine. We note, however, that Abbott failed to comply with the 1994 version of M.R.Crim. P. 42.

read as a whole and is objectively supported by the record. *Id.*

[¶ 7] St. Heart's assertion that the court erred by failing to modify the alimony award from an earlier date is unpersuasive. A person seeking modification of an alimony award bears the burden of establishing a substantial change in circumstances justifying the modification. *Schultz v. Dellaire,* 678 A.2d 46, 47 (Me.1996). "Absent a violation of a positive rule of law, we will overturn the trial court's decision only if it results in such a plain and unmistakable injustice as to be instantly visible without argument." *Id.* As we stated in *Dow v. Adams,* 1998 ME 48, ¶ 10, 707 A.2d 793, "[w]hile a court may and generally will determine that remarriage represents a substantial change in circumstances, the trial court must determine whether that change justifies modification in light of all other relevant facts." The court in its decision noted that Abbott did not live with or share expenses with her husband until 1995. That finding is a relevant fact that the court properly considered in its determination that St. Heart failed to establish a substantial change in the parties' circumstances. St. Heart agreed at the time of the divorce to assist Abbott in making the final payments on the mortgage. Holding him to that obligation was neither unanticipated nor unjust. Accordingly, the court's decision did not result in a plain and unmistakable injustice. *Schultz v. Dellaire,* 678 A.2d at 47.

The entry is:

Judgment vacated.

Remanded to the Superior Court with instruction to enter a judgment affirming both decisions of the District Court.