2000 ME 210

**Deborah A. TIBBETTS**

v.

**Samuel R. TIBBETTS.**

Supreme Judicial Court of Maine.

Submitted on Briefs Oct. 26, 2000.

Decided Dec. 6, 2000.

**938** ■

Robert B. Cumler, Cumler & Lynch, Waldoboro, for plaintiff.

Gregory J. Farris, Sean M. Farris, Farris, Heselton, Ladd & Bobrowiecki, P.A., Gardiner, for defendant.

Panel: WATHEN, C.J., and RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

WATHEN, C.J.

[¶ 1] Samuel R. Tibbetts appeals from the judgment entered in the Superior Court (Lincoln County, *Atwood, J.*) affirming in part the divorce judgment entered in the District Court (Wiscasset, *Foster, J.*). Samuel argues that the District Court erred by entering a judgment that obligates him to pay more than he is able and by requiring him to pay the judgment within an unrealistic time frame. He also argues that the Superior Court erred in reviewing the divorce judgment. We affirm in part and vacate in part.

[¶ 2] In 1996, the District Court granted Deborah A. Tibbetts a divorce from Samuel. In the divorce judgment, the court provided that both parties would share parental rights and responsibilities with regards to their two minor children. It ordered, however, that Deborah would provide their primary physical residence and that Samuel would pay $126 per week in child support. The court also ordered Samuel to pay $250 per month in spousal support. In doing so, it considered the length of the marriage; Deborah's devotion of some of her potential wage-earning years to rearing the children; her role early in the marriage as the primary wage earner; her modest income as a relatively new entrant in the work force; her interest, ability, and perseverance in furthering her education; and her uncertain retirement security.

[¶ 3] In addition, because the court found that both parties contributed equally, in funds or labor, to the marital home, it divided the home's value, $59,500, equally between the parties. The court set aside the property, which was surrounded by property owned by Samuel's family, to Samuel. It set aside personal property valued at $6055 to Samuel and personal property valued at $4276 to Deborah. It required Samuel to assume the entire amount of marital debt, $12,287, but credited one-half of that liability against Deborah's share of the value of the marital home. Thus reduced, Deborah's share totaled $24,497. The court ordered Samuel to pay that amount within ninety days of the entry of judgment.

[¶ 4] In a subsequent motion for findings of fact, Samuel requested that the court make findings regarding his ability to pay spousal support and Deborah's interest in the marital home within ninety days. Specifically, he asserted that there was "uncontroverted evidence that he has no savings and is unable to mortgage the house and land due to his father's position." Samuel's father, as joint owner of the land on which the marital residence was located, testified that he would never allow Samuel to mortgage the property. The court, however, explained that although Samuel's father was clearly opposed to mortgaging the property, "there was not evidence that [Samuel] had made any attempt to partition the property or to mortgage his interest in it."

[¶ 5] Samuel appealed. The Superior Court found that the District Court's order that Samuel pay $24,497 within ninety days was a plain injustice because it would be nearly impossible for him to comply. It affirmed the judgment in all other respects and remanded the case to the District Court "for the sole purpose of entering an order for the defendant to pay the plaintiff for her interest in the parties' marital residence under terms that are realistic and just." On remand, the District Court reduced the amount of Deborah's award to reflect her use of the residence, found that Samuel had no current ability to pay the judgment, and left Deborah with her civil remedies to collect on the judgment. Both parties appealed. The Superior Court reinstated the original amount of the award and found that leaving Deborah to collect with her civil remedies was a realistic and just mechanism for payment. Samuel then appealed to this Court.

## I.

[¶ 6] "Issues arising out of a divorce action, such as property division [and] alimony ... are within the court's sound discretion ... and the judgment of the [trial] court on such matters is entitled to substantial deference." *Quin v. Quinn,* 1997 ME 131, ¶ 3, 696 A.2d 432, 433 (internal quotations omitted) (omissions in original). Thus, we review the trial court's findings of fact for clear error and do not disturb an alimony award or property division "unless it violates a positive rule of law or reaches a plainly and unmistakably unjust result." *Beattie v. Beattie,* 650 A.2d 950, 951 (Me.1994). Such an injustice must be "instantly visible without argument." *St. Heart v. Abbott,* 1998 ME 67, ¶ 7, 707 A.2d 1322, 1324 (quoting *Schultz v. Dellaire,* 678 A.2d 46, 47 (Me.1996)).

[¶ 7] Some of the issues that Samuel presses on appeal arise from intermediate rulings of the Superior and District Courts. We, however, review directly the District Court's divorce judgment when the other courts act as intermediate appellate tribunals. *See Quin,* 1997 ME 131, ¶ 3, 696 A.2d at 433. Therefore, we consider only those issues that Samuel presents arising from the divorce judgment itself.

## II.

[¶ 8] Samuel argues that the financial obligations of the divorce judgment as a whole and the award of spousal support in particular are plainly and unmistakably unjust because they exceed his ability to pay. He argues that the combined court ordered payments for the first three months following the divorce judgment would be approximately $28,635 while his income would only be $5000. He also maintains that even without being required to pay Deborah for her interest in the marital home, his weekly budget, less court ordered debt, alimony, and child support payments, would be only $78.52 per week.[1]

---

1. Samuel presented the same calculations to the District Court in his Motion for Findings of Fact. The District Court noted that the calculations are "misleading in many ways" because many of the debts included had been offset by reductions in the assets awarded to Deborah under the divorce judgment and that

[¶ 9] Samuel relies primarily on *Beattie v. Beattie,* 650 A.2d 950 (Me.1994). In *Beattie,* we found that the District Court's orders dividing marital property, including debts, and awarding alimony to the wife had a "cumulative effect" that was plainly and unmistakably unjust even though each order could be supported independently. *Id.* at 953. The Superior Court had ordered the husband to pay substantially all of the parties' debts and $1000 per month in alimony. *Id.* at 951–52. The combined obligation of $3200 exceeded the husband's monthly income of $2525. *Id.* When both parties were working, the disparity in their incomes was not significant; the husband earned approximately $27,000 per year and the wife approximately $22,300. *Id.* at 952. Thus, we found that the judgment was unjust "[i]n light of the parties' present earning capacity and the ability of each to obtain and retain employment." *Id.* at 953.

[¶ 10] The present case, however, differs from the *Beattie* case in at least three important ways. First, there is a significant difference between the parties' incomes. At the time of the divorce, Samuel earned $29,547 per year, and Deborah earned $16,944 per year. Second, the court divided the parties' property and debt burden equally. It awarded Deborah $4276 worth of personal property and Samuel $6055. It ordered Samuel to pay the entire amount of the marital debt, $12,287, but offset one-half of that amount against Deborah's share of the value of the

marital home. The court awarded use and ownership of the home to Samuel but required him to pay one-half of its value to Deborah, less her share of the marital debt.[2] Third, Samuel has an ability, though limited, to pay the judgments. Samuel works full time at Bath Iron Works and earns approximately $30,000 per year. Although he claims that he will be left with only $78.52 per week if he is required to meet his obligations, both parties will be working within restricted budgets. Deborah, who earns approximately $16,944 per year, will be the primary care provider of the children and will have to find a new home. Furthermore, Samuel's unwillingness to take the steps necessary to sell or mortgage the marital home in order to pay Deborah her share of its value does not show that he is unable to pay. In light of the significant disparity in the parties' incomes, the essentially equal division of the marital property, and Samuel's ability, though limited, to pay the awards, the financial obligations of the divorce judgment as a whole and the award of spousal support in particular are not plainly and unmistakably unjust. *Cf. Beattie,* 650 A.2d at 953 (holding that combined obligation of $3200 that exceeded husband's monthly income of $2525 is unjust in light of the parties' similar earning capacities); *Jacobs v. Jacobs,* 507 A.2d 596, 600–01 (Me.1986) (upholding divorce judgment even though husband claims that it consumes 80% of his net income).

the calculations are not a matter of evidence but, rather, "after-the-fact" assertions.

2. Samuel argues that because his father is a joint owner of the land upon which the home was built, he is also a joint owner of the home itself. Thus, he maintains that by awarding one-half of the value of the home to Deborah, the court, in effect, awarded her all of the marital equity.

As a general rule, "whatever is affixed to the realty is thereby made parcel thereof, and belongs to the owner of the soil." *Bonney v. Foss,* 62 Me. 248, 251–52 (1873). However, if the owner of the soil expressly or impliedly agrees, "[a] building of a permanent character can be held by another as personal prop-

erty with the right of removal." *Sutton v. Frost,* 432 A.2d 1311, 1313 (Me.1981). In the present case, the issue of whether the home is real property owned by Samuel and his father or personal property belonging to Samuel and Deborah would have to be determined in a separate legal proceeding in which Samuel's father would be a necessary party. Nonetheless, even if Samuel's father is entitled to joint ownership of the home, the court acted within its discretion to "divide the marital property in proportions the court considers just," by dividing the value of the home equally between the parties. *See* 19-A M.R.S.A. § 953(1) (1998).

### III.

[¶ 11] In the divorce judgment, the District Court ordered Samuel to pay Deborah the amount of her interest in the marital home, $24,497, within ninety days of the entry of judgment.[3] Samuel appealed to the Superior Court, arguing that this requirement is plainly and unmistakably unjust because he is unable to pay the judgment. He maintains that he does not have the present ability to pay and that he is unable to mortgage the property because his father, as joint owner of the land upon which the home was built, will not allow him to do so. We disagree and vacate that portion of the judgment entered in the Superior Court finding that the ninety-day requirement is in error.

[¶ 12] The power of the District Court to divide marital property includes the power to order a particular method of payment. *See Prue v. Prue,* 420 A.2d 257, 259 (Me.1980). The method chosen should lend finality in the financial interaction of the parties. *Berry v. Berry,* 658 A.2d 1097, 1099 (Me.1995). In the present case, the District Court's requirement that Samuel pay within ninety days gives adequate finality to the financial relationship between the parties and is not an abuse of discretion. *See Long v. Long,* 1997 ME 171, ¶ 23, 697 A.2d 1317, 1325 (upholding requirement that husband pay within specific time frame even though husband claimed that he could not obtain bank loan in time). Samuel and his father's unwillingness to mortgage or otherwise extract value from the property within a specific timeframe does not amount to a plain and unmistaken injustice that is instantly visible without argument. *See St. Heart,* 1998 ME 67, ¶ 7, 707 A.2d at 1324.

The entry is:

Judgment of the Superior Court vacated in part. Remanded with instructions to affirm the original divorce judgment entered in the District Court.

---

**3.** The concern about the short period of time allowed for payment has been rendered somewhat academic by the four-year delay involved in the various appeals.