## 2008 ME 66

### Eugene MATTHEWS

v.

### Marylou MATTHEWS.

Supreme Judicial Court of Maine.

Submitted on Briefs: Jan. 24, 2008.

Decided: April 8, 2008.

Sandra Hylander Collier, Esq., Catherine L. Haynes, Esq., Ellsworth, ME, for Eugene Matthews.

Rosemarie Giosa, Esq., Ellsworth, ME, for Marylou Matthews.

Panel: CLIFFORD, ALEXANDER, LEVY, SILVER, MEAD, and GORMAN, JJ.

SILVER, J.

[¶ 1]  Eugene Matthews appeals from a judgment of the Superior Court (Hancock County, *Hjelm, J.*) denying Eugene's complaint for partitioning residential real estate occupied by his ex-wife, Marylou Matthews, and finding that the parties' divorce decree, signed in 1984, allows Marylou to remain in the house for as long as she desires.  Eugene asserts that the court erred in finding that (1) he is not entitled to partition; (2) partition is precluded by the court's finding that Marylou can remain in the house as long as she desires; and (3) his share of the equity in the house would be offset by house expenses that he was required but failed to pay.  We affirm on the issue of partition and refrain from ruling on the issue of equity.

## I. FACTS

[¶ 2]  Eugene and Marylou Matthews were divorced in 1984.  At that time, they owned real estate in Southwest Harbor, which they had purchased in 1981 for $55,000.  Prior to their divorce, they attended mediation and came to an agreement as to the terms of the divorce.  Eugene wrote up the terms of that agreement, which provide that

> I [Eugene] will continue to pay the mortgage on our home.  MaryLou and Melissa [the parties' daughter] can continue to live there as long as they desire.  In the event that the property is sold immediately, the proceeds after the expense of the sale will be divided 50–50 between the parties, however any future sale, the equity as of October 17th, 1984 shall be added to Eugene Matthews [sic] interest so long as he continues to pay the household expenses as outlined in this Divorce Judgment (lines 4, 5, 6, and 8).  In the event that MaryLou Matthews pays the household expenses for which the Plaintiff is responsible, the Defendant shall lose any additional equity in the home as of the date on which he last paid the expenses.

[¶ 3]  The current value of the property is $215,000 and there are no mortgages on the property.  Marylou has had exclusive use and possession of the property since 1984, and has never paid Eugene anything for this.  Over the last twenty-three years, Marylou has made repairs to the house, and has never asked Eugene to contribute to their cost.  Eugene stopped paying for heating oil in 1984, the taxes in 1985, the mortgage in 1985, and the insurance in 1986.  Marylou never requested that he resume payment.

[¶ 4]  Eugene filed a complaint for partition of the house on December 6, 2005.  After a trial on April 6, 2007, the Superior Court found that the divorce decree, establishing the parties' rights to the property, permits Marylou to reside in the house as long as she desires, and therefore Eugene cannot partition the property or receive any equity to which he is otherwise entitled unless or until Marylou chooses to sell the property or buy him out.  Eugene filed a motion for findings of fact and conclusions of law, which was denied.  This appeal followed.

## II. DISCUSSION

[¶ 5]  In the 1984 divorce decree, Eugene and Marylou agreed that she would

have possession of the house for "as long as [she] desire[s]." At trial, Eugene testified that he told the judge in 1984 that he would leave the agreement "as is." The court therefore did not clearly err in finding that Eugene is not entitled to partition. *Tibbetts v. Tibbetts,* 2000 ME 210, ¶ 6, 762 A.2d 937, 939.

[¶ 6] The judgment also indicates, as dictum, that Eugene was obligated to pay for half of the repairs on the house and that his equity would be offset by the amount of this obligation. This issue is not ripe because there is not now a partition action pending. *Johnson v. City of Augusta,* 2006 ME 92, ¶ 7, 902 A.2d 855, 857; *Maine AFL–CIO v. Superintendent of Ins.,* 1998 ME 257, ¶ 8, 721 A.2d 633, 635–36. We therefore refrain from ruling on it.

The entry is:

Judgment affirmed as to the issue of partition.