MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2017 ME 47
Docket:        Han-16-208
Submitted
  On Briefs:   February 23, 2017
Decided:       March 9, 2017

Panel:         ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

VICTORIA S. SAVAGE

v.

STEVEN B. SAVAGE

PER CURIAM

[¶1]   Steven Savage appeals from a judgment of the District Court (Ellsworth, *Jordan, J.*) granting Victoria Savage's motion to modify spousal support based on its determination that the modification was warranted by a substantial change in circumstances after the divorce decree was issued. *See* 19-A M.R.S. § 951-A(4) (2016).  We affirm.

[¶2]   The divorce decree, issued in 2008 pursuant to the parties' agreement, required Steven to pay Victoria monthly spousal support of $3,000 until he turned sixty years old, at which time support would be reduced to $1 per year.  Pursuant to a federal law that went into effect shortly before the entry of the divorce judgment, Steven's mandatory retirement age increased from age sixty to sixty-five.  Victoria testified that at the time of the divorce,

she believed that Steven was required to retire at age sixty, and did not learn of the increased age limit until after the divorce. Steven continued working after turning sixty and remained employed at the time of the motion hearing.

[¶3] "A party who seeks a modification of spousal support must prove that the modification is justified based on a showing of a substantial change in either the payor or payee spouse's financial condition." *Voter v. Voter*, 2015 ME 11, ¶ 18, 109 A.3d 626 (quotation marks omitted). Contrary to Steven's argument, the court did not err by admitting evidence of Victoria's expectation, at the time the divorce judgment was entered, that Steven would not work beyond age sixty because of her understanding of the mandatory retirement policy governing his employment. *See id.* (holding that to determine whether there has been a change of circumstances sufficient to warrant a modification of spousal support, the court must consider evidence of what had been "foreseen and probably provided for" in the initial support award).

[¶4] Additionally, based on the court's resulting finding that at the time of the divorce the parties had anticipated that Steven would retire at age sixty, *see Gordon v. Cheskin*, 2013 ME 113, ¶ 12, 82 A.3d 1221 (stating that, on appeal, we defer to the court's determinations of witness credibility), and the

court's consideration of the structure of the divorce judgment, which tied the reduction of Steven's support obligation to his sixtieth birthday, the court did not err when it determined that Steven's current mandatory retirement age is a substantial change from the "baseline" of what the court and the parties anticipated when the divorce judgment was issued. *See Klopp v. Klopp*, 598 A.2d 462, 464 (Me. 1991) ("On a subsequent motion for modification of the divorce judgment, the court necessarily will apply a rule of objective reasonableness in determining the baseline: What future circumstances of the parties is it objectively reasonable to assume the divorce court both foresaw and took into account in setting alimony?").

[¶5]   Finally, after having found that there had been a substantial change in circumstances, the court did not abuse its discretion by modifying the spousal support provisions in the divorce judgment so as to maintain the previous amount of Steven's spousal support obligation until he turns sixty-five years old.[1] *See Voter*, 2015 ME 11, ¶ 18, 109 A.3d 626.

The entry is:

Judgment affirmed.

---

[1] In its judgment granting Victoria's motion to modify, the court eliminated altogether the award of nominal support after Steven turns sixty-five years old. Victoria has not filed a cross-appeal from that part of the order.

Thomas L. Douglas, Esq., and Anne E. Schools, Esq., Douglas McDaniel Campo & Schools LLC, PA, Westbrook, for appellant Steven B. Savage

Daniel A. Pileggi, Esq., Acadia Law Group, LLC, Ellsworth, for appellee Victoria S. Savage

Ellsworth District Court docket number FM-2008-16
For Clerk Reference Only